IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAM BALLE | * | |
| | * | C.A. No. |
| VS. | * | |
| | * | |
| CITY OF CORPUS CHRISTI, NUECES | * | |
| COUNTY, TEXAS, CCPD Officer A. | * | |
| SALINES or A. SALINAS #9163 and | * | |
| CCPD Officer B. PERRIRAZ #8738 | * | |
| and CCPD Officer A. SALINAS #1362 | * | |
| TEN JOHN DOE DEFENDANTS AND | * | Plaintiff Requests a Jury Trial |
| TEN JANE DOE DEFENDANTS | * | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Adam Balle, Plaintiff in the above numbered and styled cause of

action and files this Plaintiff's Original Complaint, complaining of Defendant City of

Corpus Christi, Texas (hereinafter referred to as "Corpus Christi"), Defendant Nueces

County, Texas (hereinafter referred to as "Nueces County"), Defendant "A. Salines" also

referred to as "A. Salinas," a Corpus Christi Police Officer Badge No. 9163, (hereinafter

referred to as "A. Salines"), Defendant "B. Perriraz," a Corpus Christi Police Officer

Badge No. 8738 (hereinafter referred to as "B. Perriraz"), Defendant "A. Salinas," a

Corpus Christi Police Officer Badge No. 1362 (hereinafter referred to as "A. Salinas")

and alleging claims against Ten John Does, and alleging claims against Ten Jane Does,

and would show the Court as follows:

## PARTIES

1.     Plaintiff Adam Balle is an individual who can be served with process by and through his attorney of record, William H. Berry, Jr., P. O. Box 23064, Corpus Christi, Texas, 78401 (316) 888-5568, and via e-mail at berrylaw@sbcglobal.net. Plaintiff is a person with relevant knowledge who is expected to testify by deposition or live at the time of trial.

2.     Defendant City of Corpus Christi, is a municipality, located in Nueces County, and pursuant to Tex. Civ. Prac. & Rem. Code Ann. §17.025 (b) (West) may be served with process by serving its mayor, Nelda Martinez, or the city secretary, clerk, secretary, or treasurer, at 1201 Leopard Street, Corpus Christi, Nueces County, Texas. Agents, servants, employees and representatives of the City and the Corpus Christi Police Department are potential witnesses and persons with relevant knowledge that may testify by deposition or live at trial.

3.     Defendant Nueces County, is a county located in the State of Texas, and pursuant to Tex. Civ. Prac. & Rem. Code Ann. §17.025 (a) (West) may be served with process by serving its county judge, Loyd Neal, at 901 Leopard Street, Corpus Christi, Nueces County, Texas. Agents, servants, employees and representatives of Nueces County and the Nueces County Sheriff's Department are potential witnesses and persons with relevant knowledge that may testify by deposition or live at trial.

4.      Defendant A. Salines or A. Salinas CCPD badge number #9163[1] is an officer believed to be employed with the Corpus Christi Police Department at the time of the incident alleged herein, and may be served with process at the Corpus Christi Police Department at 321 John Sartain, Corpus Christi, Nueces County, Texas. Defendant A. Salines or A. Salinas #9163 is a person with relevant knowledge expected to provide testimony by deposition or live at trial.

5.      Defendant B. Perriraz, CCPD badge number #8738[2] is an officer believed to be employed with the Corpus Christi Police Department at the time of the incident alleged herein, and may be served with process at the Corpus Christi Police Department at 321 John Sartain, Corpus Christi, Nueces County, Texas. Defendant B. Perriraz #8738 is a person with relevant knowledge expected to provide testimony by deposition or live at trial.

6.      Defendant A. Salinas, CCPD badge number #1362[3] is an officer believed to be employed with the Corpus Christi Police Department at the time of the incident alleged herein, and may be served with process at the Corpus Christi Police Department at 321 John Sartain, Corpus Christi, Nueces County, Texas. Defendant A. Salinas #1362 is a person with relevant knowledge expected to provide testimony by deposition or live at

---

[1]As indicated on the police report

[2]As indicated on the police report

[3]As indicated on the police report

trial.

7.     Plaintiff alleges potential claims and causes of action against 10 John Doe Defendants and 10 Jane Doe Defendants, and reserves the right to identify additional defendants that may be revealed during the discovery or the Defendants pleadings and allegations in this litigation. Plaintiff reserves the right as discovery or additional information is obtained to substitute one or more persons or entities for the Jane Does and/or John Does alleged herein.

## STATEMENT OF JURISDICTION

8.     This court has original jurisdiction pursuant to 28 U.S.C. §1331 because Plaintiff alleges causes of action under 42 U.S.C. §1983 and seeking damages pursuant to 42 U.S.C. §1988 because Plaintiff alleges that the Defendants' violated Plaintiff's Civil Rights under the Fourth and Fourteenth Amendment of the United States Constitution.

9.     This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 (a) over the causes of action Plaintiff asserts under Texas common and statutory law, including but not limited to the Texas Tort Claims Act, *Tex, Civ. Prac. & Rem. Code Ann. §101.021 et seq.*

## VENUE

10.     Venue is proper in this district and division because all or part of the cause of action arose in Nueces County Texas and the defendants reside in Nueces County, Texas, located in the Southern District of Texas, Corpus Christi Division. 28 U.S.C. §

1391 (b).

## CONDITIONS PRECEDENT

11.     Plaintiff has complied with all conditions precedent in pursuing this cause of action. The incident occurred on March 6, 2012. *Tex. Civ. Prac. & Rem. Code Ann. §101.101 (West)* and *Corpus Christi Texas, Municipal Code §§ 17-11, 17-12.*

12.     On August 4, 2012, Plaintiff, through the undersigned counsel, gave written notice to Defendant City of Corpus Christi to preserve the records relating to the arrest and detention of Plaintiff. Notice was received by the City of Corpus Christi on August 8, 2012.

13.     In a letter dated September 1, 2012, and received by the Defendant City of Corpus Christi on September 5, 2012, Plaintiff through the undersigned counsel gave written notice pursuant to the Texas Tort Claims Act and the City of Corpus Christi Ordinance of a potential cause of action against the City of Corpus Christi and the police officers for damages sustained as a result of the conduct of CCPD officers in the arrest and detention of the Plaintiff.

14.     In a letter to Nueces County and the Nueces County Sheriff's Department, dated September 1, 2012, and received by Nueces County on September 4, 2012, Plaintiff through the undersigned counsel gave written notice pursuant to the Texas Tort Claims Act of potential causes of action against Nueces County and the Nueces County Sheriff's Department for damages sustained as a result of wrongful incarceration and failure to

provide Plaintiff with proper medical treatment.

## FACTS

15.     On or about March 6, 2012, (Tuesday) at the time of the incident giving rise to this litigation, Plaintiff Adam Balle was forty three years old and suffered from a disability to his back and was receiving social security disability benefits because of the medical condition of Plaintiff's his back. Plaintiff is an insulin dependent diabetic. At that time, Plaintiff was able to ambulate including driving a car, and could get around and was independent.

16.     On or about March 6, 2012, Plaintiff was at his home with his wife, Ilena Balle. Plaintiff and his wife had an argument which escalated into the two of them yelling at each other. Plaintiff's wife became upset and called 911. When the Corpus Christi police officers arrived, Plaintiff was sitting in his garage that had been remodeled into a sitting room. Plaintiff was watching television. Two police officers came to the area where Plaintiff was sitting, the officers grabbed the Plaintiff by the arm and started to yank the Plaintiff from the chair. The television fell onto the Plaintiff's lap. The Plaintiff returned the television to the table when the police officers pushed the Plaintiff onto the floor, pulled Plaintiff's arms and handcuffed them behind Plaintiff's back. Plaintiff's knees were scraped from being pushed onto the floor. One police officer then pulled Plaintiff's arm and both officers escorted Plaintiff to the police vehicle.

17.     The police car was parked in front of Plaintiff's home. The officers walked

Plaintiff to the front of the car that was parked on the access road by the curb. Plaintiff was facing straight ahead towards the door of the car, when one of the officers told Plaintiff to hurry up and get in the car. At the same time one of the police officers that was standing behind the Plaintiff, kicked the Plaintiff hard, two times in the middle of his back and as Plaintiff went down, the officer then kicked Plaintiff hard in the right side of Plaintiff's stomach. They then pulled on Plaintiff and sat him in the car.

18.     The second time that the officer kicked Plaintiff in the back, the Plaintiff felt a sharp pain like something snapped. Plaintiff believes that it was officer A. Salinas that had a hold of his arm and that it was officer B. Perriraz that kicked the Plaintiff. The officer then transported Plaintiff to the Corpus Christi Detention Center, where Plaintiff was held for a few hours. Plaintiff was not offered any medical treatment at the time he was kicked nor during the entire time he was incarcerated at the Corpus Christi Detention Center.

19.     After being processed, Plaintiff was then transported from the Corpus Christi Detention Center to the Nueces County Jail, where he was held from March 7, 2012, at 11:40 p.m. to March 12, 2012. During Plaintiff's incarceration at the Nueces County Jail, he was in excruciating pain and was not provided his diabetic medicine on a regular basis. On March 10, 2012, Plaintiff reported through an inmate communication that he needed medical attention, he was unable to care for himself and that he had lost the ability to control his bodily functions, lost control of his bowel and bladder functions,

and that Plaintiff was having severe muscle spasms.

20.     On March 12, 2012, Plaintiff was transferred by ambulance from the Nueces County Jail to Christus Spohn Memorial Hospital where he remained hospitalized through May 3, 2012. At the time of admission, Plaintiff was diagnosed with an acute distracted fracture at T12 vertebra with involvement of T11-T12 disc space and cervical caudal distraction. Posterior elements are involved including the lamina and spinous process with the vertebra of T12. On or about March 17, 2012, Plaintiff underwent a fusion from T9-T12 and a T10-T11-T12 fusion. The injury to the Plaintiff's spine and the resulting medical treatment, disability, disfigurement and damages alleged in this Complaint were the proximate cause of violation of the Plaintiff's civil rights and all theories of liability alleged by the Plaintiff in this Complaint.

21.     On May 3, 2012, Plaintiff was transported from Christus Spohn Memorial Hospital to Harbor View Care Center, where he has remained under medical care to the present date, except for a short period in August 2012, where he attempted to return to his home, but was unable to remain because he needed nursing care and physical therapy provided by Harbor View Care Center. The Plaintiff's deteriorated condition was proximately caused in whole or part by the violations of the Plaintiff's civil rights and all theories of liability alleged by the Plaintiff in this complaint.

22.     The fracture to Plaintiff's thoracic spine and the resulting fusion and medical treatment and all medical expenses and costs related to the fracture and fusion are

a direct and proximate cause of Plaintiff's damages alleged herein and are a proximate

cause of the defendants acts and omissions resulting from Defendants violations of

Plaintiff's constitutional rights, for which Plaintiff sues.

### VIOLATIONS CIVIL RIGHTS ACT – 42 U.S.C. §1983
### 4TH Amendment, 5th Amendment and 14th Amendment

23.   Plaintiff relies upon the facts as stated in the "FACTS" paragraphs

incorporated herein as if fully set forth, in support of Plaintiff's claims for liability and

damages proximately caused by Defendants' City of Corpus Christi, and Police Officers

A. Salines, A. Salinas, and B. Perriraz for violations of Plaintiff's civil rights under the

Fourth, Fifth and Fourteenth Amendments of the United States Constitution as vindicated

under 42 U.S.C. §1983. The conduct, acts and omissions by the Defendants were done

intentionally and with willful and wanton disregard of the Plaintiff's constitutional rights

and with deliberate indifference and callous disregard of the Plaintiff's rights which

deprived Plaintiff of his constitutional rights, in violation of the Fourth, Fifth, and

Fourteenth Amendments of the United States Constitution as vindicated through 42

U.S.C. § 1983,  which violation was a proximate and producing cause of Plaintiff's

damages and injuries alleged herein.

24.   Defendant Police Officers A. Salinas, A. Salines, and B. Perriraz,

unlawfully and wrongfully detained, unlawfully and wrongfully arrested the Plaintiff

without probable cause or justification in violation of Plaintiff's civil rights as guaranteed

by the Fourth., Fifth and Fourteenth Amendment of the United States Constitution

vindicated pursuant to 42 U.S.C. § 1983, which violation was a proximate and producing cause of Plaintiff's damages and injuries alleged herein.

25.     Defendant Police Officers A. Salinas, A. Salines, and B. Perriraz, unlawfully and wrongfully used excessive force against Plaintiff while detaining and arresting the Plaintiff and during Plaintiff's wrongful detention and arrest, done without probable cause or justification and in denial of Plaintiff's due process rights guaranteed by the constitution. Such wrongful and unlawful use of excessive force, Defendant Police Officers A. Salinas, A. Salines and B. Perriraz violated Plaintiff's civil rights as guaranteed by the Fourth., Fifth and Fourteenth Amendment of the United States Constitution vindicated pursuant to 42 U.S.C. § 1983, which violation was a proximate and producing cause of Plaintiff's damages and injuries alleged herein.

26.     Defendant Police Officers A. Salinas, A. Salines, B. Perriraz, City of Corpus Christi and Nueces County, unlawfully and wrongfully denied Plaintiff adequate medical treatment for Plaintiff's pre-existing medical condition and denied Plaintiff adequate medical treatment for the injuries Plaintiff suffered at the time he was arrested by CCPD officers A. Salinas, A. Salines, and B. Perriraz, which is a violation of Plaintiff's rights under the Fifth and Fourteenth Amendments of the United States Constitution vindicated pursuant to 42 U.S.C. § 1983.  The Fourteenth Amendment violations of denying Plaintiff adequate medical care constitutes punishing Plaintiff as a pre-trial detainee without due process of law and constitutes cruel and unusual

punishment. Defendants conduct, acts and omission were done intentionally and with willful and wanton disregard of the Plaintiff's constitutional rights and with deliberate indifference and callous disregard of the Plaintiff's rights and deprived Plaintiff of his constitutional rights, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as vindicated through 42 U.S.C. § 1983,  which violation was a proximate and producing cause of Plaintiff's damages and injuries alleged herein.

27.     Plaintiff suffered from a known and serious medical condition which the all the Defendants knew or should have known and who failed to take the necessary action to provide Plaintiff adequate medical care for the injuries Plaintiff suffered at the time of the arrest and for treatment of Plaintiff's injuries and pre-existing medical condition during the period that Plaintiff was held at the Corpus Christi Detention Center and at the Nueces County Jail. Such failure to provide adequate medical care at the time the injuries were inflicted on the Plaintiff and during the period of Plaintiff's incarceration at both the Corpus Christi Detention Center and at the Nueces County Jail was done intentionally and with willful and wanton disregard of the Plaintiff's constitutional rights and with deliberate indifference and callous disregard of the Plaintiff's rights and deprived Plaintiff of his constitutional rights, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as vindicated through 42 U.S.C. § 1983.

28.     Plaintiff would show that the Defendant City of Corpus Christi violated Plaintiff's constitutional rights guaranteed by the Fourth, Fifth and Fourteenth

Amendments of the United States Constitution because the City (1) failed to have in effect policies or procedures to protect the civil rights of its citizens from being victims of excessive force; (2) alternatively, that any policy or procedure relating to the use of excessive force is unconstitutional; (3) alternatively, the policy or procedure relating to the use of force, though constitutional on its face, was applied in an unconstitutional manner, known to by the policy makers of the City and the failure to properly apply or by allowing the policy to be enforced in an unconstitutional manner would result in violation of the constitutional rights of persons similarly situated as the Plaintiff; (4) that it was the custom and practice of the City of Corpus Christi police personnel to use excessive force against persons such as the Plaintiff that resulted in the violation of the civil rights of persons such as plaintiff or similarly situated to the Plaintiff, which was known to the policy makers of the City of Corpus Christi; (5) the policy maker knows and tolerates and ratifies the continued use of excessive force in violation of the Fourth and Fifth Amendments of the United States Constitution guaranteed to the Plaintiff and persons similarly situated. The Defendant City of Corpus Christi conduct, acts and omissions regarding the policy and procedures, custom and practice was a driving force that proximately caused the constitutional violation of Plaintiff's rights as alleged in this Complaint which violations are a proximate cause of Plaintiff's damages alleged herein.

29.     Plaintiff would show that the Defendants City of Corpus Christi and Nueces County violated Plaintiff's constitutional rights guaranteed by the Fifth and Fourteenth

Amendments of the United States Constitution because the City and Nueces County (1) failed to have in effect policies or procedures to protect the civil rights of its citizens by providing adequate medical care at the time a person is arrested and during the period that persons such as Plaintiff are under the care of and in the custody and control of the Defendants City and Nueces County from being denied medical treatment; (2) alternatively, that any policy or procedure regarding medical care is unconstitutional; (3) alternatively, the policy or procedure relating to medical care and treatment, though constitutional on its face, was applied in an unconstitutional manner, known to by the policy makers of the City and Nueces County, and the failure to properly apply or by allowing the policy to be enforced in an unconstitutional manner would result in violation of the constitutional rights of persons similarly situated as the Plaintiff; (4) that it was the custom and practice of the City of Corpus Christi police personnel and the Nueces County jail personnel to deny adequate medical treatment to persons such as the Plaintiff that resulted in the violation of the civil rights of persons such as plaintiff or similarly situated to the Plaintiff, which was known to the policy makers of the City of Corpus Christi and Nueces County; (5) the policy makers know, tolerate and ratify the continued practice to deny adequate medical treatment force in violation of the Fifth and Fourteenth Amendments of the United States Constitution guaranteed to the Plaintiff and persons similarly situated. The Defendants City of Corpus Christi and Nueces County's conduct, acts and omissions regarding the policy and procedures, custom and practice was a

driving force that proximately caused the constitutional violation of Plaintiff's rights as alleged in this Complaint which violations are a proximate cause of Plaintiff's damages alleged herein.

30.     All Defendants violated Plaintiff's civil rights and denied Plaintiff his constitutional rights as guaranteed by the United States Constitution and the Constitution of the State of Texas as alleged herein and as supported by the facts as stated in the FACTS paragraphs *supra.*

31.     As a result and proximate cause of Defendants concerted unlawful and malicious abuse of the Plaintiff, Defendants intentionally, or with deliberate indifference and callous disregard of the Plaintiff's rights deprived Plaintiff of his constitutional rights, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution causing Plaintiff to suffer injures and damages as alleged in the "FACTS" and "DAMAGES" paragraphs herein.

32.     Defendants conduct in the unlawful arrest and detention and confinement of the Plaintiff and the misuse of tangible personal property, i.e. handcuffs, and an object, used to physically beat Plaintiff and the physical abuse of the Plaintiff constitutes excessive force in violation of both Texas and Federal law. Defendants violated the Plaintiff's rights to be free from excessive force and unlawful arrests and detentions without probable cause, in violation of the Plaintiff's Fourth and Fourteenth Amendment Rights.

33.     The Defendants wrongful conduct, acts and omissions and constitutional violations are the proximate and producing cause of Plaintiff injuries and damages alleged herein.

## GOVERNMENTAL ENTITIES

34.     Defendants City of Corpus Christi and Nueces County failed to have proper facilities, policies, and procedures to evaluate, immediately transfer, properly and safely process, or accommodate persons with disabilities such as the Plaintiff.

35.     All Defendants were acting under color of law and pursuant to official policy or custom. Defendants City of Corpus Christi and Nueces County knowingly, recklessly, or with deliberate indifference, maliciousness, and calloused disregard of Plaintiff's rights violated Plaintiff's constitutional rights that were a proximate cause of Plaintiff's damages alleged herein. Defendants:

a.      failed to have proper policy and procedures to identify and evaluate medical conditions for persons being detained, arrested, and/or incarcerated, by the City or County;

b.      adopted and enforced policy and procedures that are unconstitutional;

c.      applied policy and procedures in an unconstitutional manner;

d.      failed to instruct, supervise, control, and discipline, on a continuing basis its personnel in adopting, enforcing, reviewing, and violating policy and procedures relating to the use of excessive force and providing adequate

medical treatment, and specifically defendants police officers and jailers or deputies in the operation and enforcement of proper policies and procedures to be followed with persons who are injured at the time of the detention and arrest or suffer from a medical condition;

e.    failed to properly train, implement proper procedures that would protect against constitutional violations;

f.    failed to have the proper procedures and policies to protect citizens from having their civil rights violated;

g.    failed to follow, enforce, or train and knowingly disregarded policies and procedures to protect citizens such as the Plaintiff from constitutional violations;

h.    fail to taken adequate and necessary action to discourage or discipline its personnel who violate citizen's civil rights;

i.    fail to properly train its law enforcement personnel,

j.    and otherwise depriving Plaintiff of his constitutional and statutory, rights, privileges, and immunities.

36.    Defendants City of Corpus Christi and Nueces County had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have known that the wrongs committed against Plaintiff as heretofore alleged, were about to be committed. The City and County had the power and

duty to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so. Such conduct was malicious.

37.     Defendants City and County, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants in the detention, arrest, use of excessive force and denial of adequate medical treatment and confinement of Plaintiff.

38.     As a direct and proximate and producing cause of the Defendants conduct herein, was the basis of the constitutional violation of Plaintiff's rights for which Plaintiff has suffered the damages alleged in this Complaint.

## VIOLATIONS OF TEXAS TORT CLAIMS ACT

39.     Plaintiff would show that the facts alleged in the "FACTS" paragraphs, *supra,* and in the "DAMAGES" paragraphs incorporated herein as if fully set forth constitute the Defendant City of Corpus Christi's violation of the Texas Tort Claims Act, *Tex. Civ. Prac. & Rem. Code Ann. §101.021 et seq.* Plaintiff suffered grievous personal injuries caused by the wrongful act or omission or negligence caused by the condition or use of tangible personal property. Additionally Plaintiff suffered personal injuries from the City and from Defendants A. Salines, A. Salinas, and Perriraz, employees of the City of Corpus Christi by reason of the employees' negligence, wrongful act or omission

because the employees would be personally liable to Plaintiff according to Texas law. The wrongful conduct, acts, and omission of the Defendant City in violation of the Texas Tort Claims Act is the proximate and producing cause of the Plaintiff's damages alleged herein.

## FEDERAL COMMON LAW VIOLATION CIVIL RIGHTS

40.     Plaintiff would show that the facts as alleged in the "FACTS" paragraphs constitute liability by the Defendants City, A. Salines, A. Salinas, and Perriraz because defendants violated federal law and Plaintiff's civil rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and violated rights under federal statutes, which conduct by the Defendants is a proximate and producing cause of Plaintiff's damages alleged herein. Plaintiff brings this cause of action under common law pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

## NEGLIGENCE

41.     Plaintiff would show that the conduct, acts and omissions of the defendants A. Salinas, A. Salines, and Perriraz as set forth in the "FACTS" paragraphs, *supra,* incorporated herein as if fully set forth, constitutes negligence, which is the proximate cause of Plaintiff's damages alleged herein, for an amount within the jurisdictional limits of this court.

## ASSAULT AND BATTERY

42.     Plaintiff would show that the conduct and acts of the individual defendants A. Salinas, A. Salines, and Perriraz as set forth in the "FACTS" paragraphs, *supra*, incorporated herein as if fully set forth, constitutes assault and battery which is a proximate and producing cause of Plaintiff's damages alleged herein, for which Plaintiff seeks recovery from the individual defendants A. Salinas, A. Salines, and Perriraz.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.     Plaintiff would show that the conduct and actions of defendants A. Salinas, A. Salines, and Perriraz as set forth in the "FACTS" paragraphs, supra, incorporated herein as if fully set forth constitutes intentional infliction of emotional distress that is a proximate and producing cause of Plaintiff's damages in an amount within the jurisdictional limits of this court.

## MALICE

44.     Plaintiff would show that the conduct of the defendants A. Salinas, A. Salines, and B. Perriraz constitutes malice, which is the proximate and producing cause of Plaintiff's damages alleged herein and entitles Plaintiff to recover exemplary damages against the individual defendants for Plaintiff's state causes of action for assault and battery, as provided by Tex. Civ. Prac. & Rem. C. §41.001 (6), §§ 41.002, 41.003 (West). Plaintiff would further show that the malice can be inferred from the conduct itself. Plaintiff seeks damages in an amount within the jurisdictional limits of this court.

## DAMAGES

45.     Plaintiff would show that as a proximate and producing cause of Defendants'

conduct, acts, or omissions, as set forth in the 'FACTS" paragraphs, supra, Plaintiff has suffered the following elements of damages:

a.    Physical pain and mental anguish in the past and that will in all likelihood be incurred in the future;

b.    Disfigurement in the past and that will continue into the future;

c.    Physical impairment in the past and that will in all likelihood continue into the future;

d.    Medical care and hospital, doctor, and reasonable, necessary and customary costs and expenses for his medical care and treatment in the past and that will in all likelihood be incurred in the future.

e.    Plaintiff's out of pocket expenses;

f.    Plaintiff's consequential damages;

g.    Plaintiff seeks relief for the court to enter judgment that the County and City enact policies, procedures, rules and regulations that provide law enforcement to be trained and policies enacted for assessment, identification, and handling of detainees, inmates, and persons who are approached, detained, arrested, and incarcerated by law enforcement, who suffer from mental or medical disabilities to assure that their constitutional rights are protected.

h.    Litigation costs and expenses, and reasonable expert fees and expenses.

46.    Plaintiff reserves the right to replead and allege further elements of damages,

and Plaintiff alleges damage in an amount within the jurisdictional limits of this court.

## ATTORNEY FEES 42 U.S.C. § 1988

47.     The undersigned attorneys have been retained by plaintiff to pursue the cause of action alleged herein.  Plaintiff is entitled to recover attorney fees; which are reasonable and necessary in this cause. The undersigned counsel, William H. Berry, Jr., Gail D. C. Dorn, William R. Edwards, and William R. "Billy" Edwards, III, are expected to testify as expert witnesses at the time of trial as to the reasonable and necessary incurrence of said attorney fees. These attorney's fees are:

a.     Reasonable and necessary attorney fees for the preparation and trial of this cause.

b.     Reasonable and necessary attorney fees for an appeal to the Court of Appeals or Circuit Court.

c.     Reasonable and necessary attorney fees for making or responding to an appeal or writ of certiorari to the United States Supreme Court; and

d.     Reasonable and necessary attorney fees for making or responding to a certified question to the Texas Supreme Court; and

e.     Reasonable and necessary attorney fees for an appeal to the United States Supreme Court in the event an appeal or writ of certiorari is granted.

f.     Reasonable and necessary attorney fees for collection of the judgment in this case or fees incurred upon remand of the case by any appellate court for a redetermination of all or any portion of a judgment.

## INTEREST

48.     Plaintiff is entitled to recover prejudgment and post judgment interest at the highest rate allowed by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon a trial on the merits, that Plaintiff be awarded Plaintiff's actual damages against all defendants, and exemplary damages against the individual defendants, reasonable and necessary attorney fees, expert fees and expenses, prejudgment and post judgment interest at the highest rate allowed by law, costs of court, and for all other relief to which Plaintiff is entitled in law and equity and which may arise from the pronouncement from the Court of Appeals, Texas Supreme Court, United States District and Circuit Courts, and United States Supreme Court pending the litigation or appeal of this matter.

Plaintiff requests a jury trial.

Respectfully submitted,

**THE EDWARDS LAW FIRM**

_____
**WILLIAM R. "Billy" EDWARDS, III**
Attorney for Plaintiff
Texas Bar 06465010, Federal ID #
P. O. Box 480
Corpus Christi, TX  78403
Phone: 361-698-7600
Facsimile: 361-698-7614
e-mail: bedwards@edwardslaw.com

/s/ _____ _William H. Berry, Jr._____
**WILLIAM H. BERRY, JR.**
Attorney in Charge for Plaintiff
Texas Bar 02251000, Federal ID 1155
**GAIL D. C. DORN**
Attorney for Plaintiff
Texas Bar 06007350, Federal ID 16311
P. O. Box 23064
Corpus Christi, Texas 78403-3064
(361) 888-5568
e-mail: berrylaw@sbcglobal.net