IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAM BALLE | * | |
| | * | C.A. No.   2:14-CV-0066 |
| VS. | * | |
| | * | |
| CITY OF CORPUS CHRISTI, NUECES | * | |
| COUNTY, TEXAS, CCPD Officer A. | * | |
| SALINES or A. SALINAS #9163 and | * | |
| CCPD Officer B. PERRIRAZ #8738 | * | |
| and CCPD Officer A. SALINAS #1362 | * | |
| TEN JOHN DOE DEFENDANTS AND | * | Plaintiff Requests a Jury Trial |
| TEN JANE DOE DEFENDANTS | * | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Adam Balle, Plaintiff in the above numbered and styled cause of

action and files this Plaintiff's First Amended Original Complaint, complaining of

Defendant City of Corpus Christi, Texas (hereinafter referred to as "Corpus Christi"),

Defendant Nueces County, Texas (hereinafter referred to as "Nueces County"),

Defendant Alberto Salinas, a Corpus Christi Police Officer (hereinafter referred to as

"Salinas"), Defendant Benjamin Perriraz, a Corpus Christi Police Officer (hereinafter

referred to as "Perriraz"), and substituting Jane Doe one for Deborah Charette, who is

believed to be the physician's assistant had contact with Plaintiff while Plaintiff was

incarcerated at the Nueces County Jail (hereinafter referred to as "Charette"); and

substituting Jane Doe two for nurse C. Johnson, who is believed to be the nurse who had

contact with Plaintiff while Plaintiff was incarcerated at the Nueces County Jail

(hereinafter referred to as Defendant "Johnson"); and alleging claims against Ten John

Does, and alleging claims against remaining Eight Jane Does, and would show the Court

as follows:

## PARTIES

1.  Plaintiff Adam Balle is an individual who can be served with process by

and through his attorney of record, attorney in charge, William H. Berry, Jr., P. O. Box

23064, Corpus Christi, Texas, 78401 (316) 888-5568, and via e-mail at

berrylaw@sbcglobal.net. Plaintiff is a person with relevant knowledge who is expected to

testify by deposition or live at the time of trial.

2.  Defendant City of Corpus Christi, is a municipality, located in Nueces

County, and pursuant to Tex. Civ. Prac. & Rem. Code Ann. §17.025 (b) (West) and has

been served with process by serving its mayor, Nelda Martinez, or the city secretary,

clerk, secretary, or treasurer, at 1201 Leopard Street, Corpus Christi, Nueces County,

Texas. Defendant has made an appearance in this matter and may be served by and

through its attorney of record at the location identified in the certificate of service.

Agents, servants, employees and representatives of the City and the Corpus Christi Police

Department are potential witnesses and persons with relevant knowledge that may testify

by deposition or live at trial.

3.  Defendant Nueces County, is a county located in the State of Texas, and

pursuant to Tex. Civ. Prac. & Rem. Code Ann. §17.025 (a) (West) and has been served with process by serving its county judge, Loyd Neal, at 901 Leopard Street, Corpus Christi, Nueces County, Texas. Defendant has made an appearance in this matter and may be served by and through its attorney of record at the location identified in the certificate of service. Agents, servants, employees and representatives of Nueces County and the Nueces County Sheriff's Department are potential witnesses and persons with relevant knowledge that may testify by deposition or live at trial.

4.      Defendant Alberto Salinas is an officer believed to be employed with the Corpus Christi Police Department at the time of the incident alleged herein, and has been served with process at the Corpus Christi Police Department at 321 John Sartain, Corpus Christi, Nueces County, Texas. Defendant has made an appearance in this matter and may be served by and through its attorney of record at the location identified in the certificate of service. Defendant Alberto Salinas is a person with relevant knowledge expected to provide testimony by deposition or live at trial.

5.      Defendant Benjamin Perriraz, CCPD badge number #8738[1] is an officer believed to be employed with the Corpus Christi Police Department at the time of the incident alleged herein, and has been served with process at the Corpus Christi Police Department at 321 John Sartain, Corpus Christi, Nueces County, Texas. Defendant has made an appearance in this matter and may be served by and through its attorney of

---

[1]As indicated on the police report

record at the location identified in the certificate of service. Defendant B. Perriraz #8738 is a person with relevant knowledge expected to provide testimony by deposition or live at trial.

6.      Defendant Deborah Charette, believed to be the Physician's Assistant who had contact with Plaintiff during his incarceration at the Nueces County jail and is believed to be employed with Naphcare, the organization contractually obligated to provide medical treatment to persons incarcerated at Nueces County Jail at the time of the incident alleged herein, and may be served with process at the Nueces County Jail, 901 Leopard Street, Corpus Christi, Texas 78401. Defendant Deborah Charette is a person with relevant knowledge expected to provide testimony by deposition or live at trial.

7.      Defendant C. Johnson, believed to be the nurse who had contact with Plaintiff during his incarceration at the Nueces County jail and is believed to be employed with Naphcare, the organization contractually obligated to provide medical treatment to persons incarcerated at Nueces County Jail at the time of the incident alleged herein, and may be served with process at the Nueces County Jail, 901 Leopard Street, Corpus Christi, Texas 78401. Defendant Johnson is a person with relevant knowledge expected to provide testimony by deposition or live at trial.

8.      Plaintiff alleges potential claims and causes of action against 10 John Doe Defendants and remaining 8 Jane Doe Defendants, and reserves the right to identify additional defendants that may be revealed during the discovery or the Defendants

pleadings and allegations in this litigation. Plaintiff reserves the right as discovery or

additional information is obtained to substitute one or more persons or entities for the

Jane Does and/or John Does alleged herein.

## STATEMENT OF JURISDICTION

9.       This court has original jurisdiction pursuant to 28 U.S.C. §1331 because

Plaintiff alleges causes of action under 42 U.S.C. §1983 and seeking damages pursuant to

42 U.S.C. §1988 because Plaintiff alleges that the Defendants' violated Plaintiff's Civil

Rights under the Fourth and Fourteenth Amendment of the United States Constitution.

10.      This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 (a)

over the causes of action Plaintiff asserts under Texas common and statutory law,

including but not limited to the Texas Tort Claims Act, *Tex, Civ. Prac. & Rem. Code Ann.*

*§101.021 et seq.*

## VENUE

11.      Venue is proper in this district and division because all or part of the cause

of action arose in Nueces County Texas and the defendants reside in Nueces County,

Texas, located in the Southern District of Texas, Corpus Christi Division. 28 U.S.C. §

1391 (b).

## CONDITIONS PRECEDENT

12.      Plaintiff has complied with all conditions precedent in pursuing this cause

of action. The incident occurred on March 6, 2012. *Tex. Civ. Prac. & Rem. Code Ann.*

*§101.101 (West)* and *Corpus Christi Texas, Municipal Code §§ 17-11, 17-12.*

13.     On August 4, 2012, Plaintiff, through the undersigned counsel, gave written notice to Defendant City of Corpus Christi to preserve the records relating to the arrest and detention of Plaintiff. Notice was received by the City of Corpus Christi on August 8, 2012.

14.     In a letter dated September 1, 2012, and received by the Defendant City of Corpus Christi on September 5, 2012, Plaintiff through the undersigned counsel gave written notice pursuant to the Texas Tort Claims Act and the City of Corpus Christi Ordinance of a potential cause of action against the City of Corpus Christi and the police officers for damages sustained as a result of the conduct of CCPD officers in the arrest and detention of the Plaintiff.

15.     In a letter to Nueces County and the Nueces County Sheriff's Department, dated September 1, 2012, and received by Nueces County on September 4, 2012, Plaintiff through the undersigned counsel gave written notice pursuant to the Texas Tort Claims Act of potential causes of action against Nueces County and the Nueces County Sheriff's Department for damages sustained as a result of wrongful incarceration and failure to provide Plaintiff with proper medical treatment.

**FACTS**

16.     On or about March 6, 2012, (Tuesday) at the time of the incident giving rise to this litigation, Plaintiff Adam Balle was forty three years old and suffered from a

disability to his back and was receiving social security disability benefits because of the

medical condition of Plaintiff's his back. Plaintiff is an insulin dependent diabetic. At that

time, Plaintiff was able to ambulate including driving a car, and could stand up and walk

without assistance, get around and was independent.

17.     On or about March 6, 2012, Plaintiff was at his home with his wife, Ilena

Balle. Plaintiff and his wife had an argument which escalated into the two of them yelling

at each other. Plaintiff's wife became upset and called 911. When the Corpus Christi

police officers arrived, Plaintiff was sitting in his garage that had been remodeled into a

sitting room. Plaintiff was watching television. Two City of Corpus Christi police officers

[CCPD] came to the area where Plaintiff was sitting, the CCPD officers grabbed the

Plaintiff by the arm and yanked the Plaintiff from the chair. The television fell onto the

Plaintiff's lap. The Plaintiff returned the television to the table when the CCPD police

officers pushed the Plaintiff onto the floor, pulled Plaintiff's arms and handcuffed

Plaintiff's arms behind Plaintiff's back. Plaintiff's knees were scraped from being pushed

onto the floor. One CCPD police officer then pulled Plaintiff's arm. Plaintiff stood up and

both CCPD officers escorted Plaintiff, who walked to the police vehicle.

18.     The CCPD police car was parked in front of Plaintiff's home. The officers

walked Plaintiff to the front of the car that was parked on the access road by the curb.

Plaintiff was facing straight ahead towards the door of the car, when one of the CCPD

officers told Plaintiff to hurry up and get in the car. At the same time one of the CCPD

police officers who was standing behind the Plaintiff, kicked Plaintiff hard, two times in the middle of his back and as Plaintiff went down, the CCPD officer then kicked Plaintiff hard in the right side of Plaintiff's stomach. Both CCPD officers then pulled hard on Plaintiff and sat him in the car.

19.     The second time that the CCPD officer kicked Plaintiff in the back, the Plaintiff felt a sharp pain like something snapped. Plaintiff believes that it was CCPD officer Defendant Salinas that had a hold of his arm and that it was CCPD officer Defendant Perriraz that kicked the Plaintiff. The CCPD officer then transported Plaintiff to the Corpus Christi Detention Center, where Plaintiff was held for a few hours. Plaintiff was not offered any medical treatment at the time he was kicked nor during the entire time he was incarcerated at the Corpus Christi Detention Center.

20.     After being processed, Plaintiff was then transported from the Corpus Christi Detention Center to the Nueces County Jail, where he was held from March 7, 2012, at 11:40 p.m. to March 12, 2012. During Plaintiff's incarceration at the Nueces County Jail, he was in excruciating pain and was denied his diabetic medicine on a regular basis. On March 10, 2012, Plaintiff reported through inmate communications that he needed medical attention, he was unable to care for himself and that he had lost the ability to control his bodily functions, lost control of his bowel and bladder functions, and that Plaintiff was having severe muscle spasms.

21.     The "Pass Logs" generated and produced by Nueces County identify the

following:

| | |
|---|---|
| 03/08/2012 at 1155 (11:55 a.m.) | The first time Plaintiff appears in the Nueces County medical records "2x12 HC –> 2P Balle Adam |
| 03/09/2012 at 1930 (7:30 p.m.) | Balle, Adam Cell #17 "soiled himself he was unable to clean himself. But officer took him to 3R to shower and cell was clear and clothes were replaced. |
| 03/11/2012 at 2117 (9:17 p.m.) | Inmate Adam Balle complaining of losing use of legs and in pain. Taken to medical. Checked cleared by C. Johnson,. Report Generated. |
| 03/12/2012 Note before 1145 (11:45 a.m.) | Inmate Adam Balle was advised of med line. Balle stated he could not use his legs. Medic Sheri Saldaña was advised and advised that Balle was on sick call to see the P.A. an advised he was already check and cleared by nurse C. Johnson. Lt. Stewart was notified, no action taken at this time. |
| 03/12/2012 at Late entry [after 1632 (4:32 p.m.)] | Inmate Adam Balle did not go to diabetic check he told me that he was paralyzed and could not walk, I called Sgt. Martinez and told the nurse, he therefore refused diabetic check. |
| 03/12/2012 at 1733 (5:33 p.m.) | Medical in unit / Nurse Asher / PA Deborah speaking to inmate. Adam Balle, inmate was check and cleared. PA told me that he is refusing to move. |
| 03/12/2012 at 1544 (3:44 p.m.) [sic?] | I/M #17 Balle, Adam taken to Hospital. |

    22.    Defendants Charette, Johnson and Nueces County failed to provide the

adequate medical treatment or respond to Plaintiff's medical condition or complaints.

Defendants Charette, Johnson and Nueces County's denial of Plaintiff's medical needs and the unreasonable delay in transporting Plaintiff for medical treatment aggravated and exacerbated Plaintiff's pre-existing medical condition which were the proximate cause of Plaintiff's damages allege in this Complaint. Defendant Nueces County in denying and delaying Plaintiff adequate medical treatment violated Plaintiff's civil rights under the Fifth and Fourteenth Amendments of the United States Constitution.

23.    Defendants Charette and Johnson callously, maliciously and sadistically ignored Plaintiff's serious medical needs and intentionally allowed Plaintiff to suffer and reported to other persons that Plaintiff was refusing medical treatment that Plaintiff was unable to help himself.

24.    On March 12, 2012, Plaintiff was transferred by ambulance from the Nueces County Jail to Christus Spohn Memorial Hospital where he remained hospitalized through May 3, 2012. At the time of admission, Plaintiff was diagnosed with an acute distracted fracture at T12 vertebra with involvement of T11-T12 disc space and cervical caudal distraction. Posterior elements are involved including the lamina and spinous process with the vertebra of T12. On or about March 17, 2012, Plaintiff underwent a fusion from T9-T12 and a T10-T11-T12 fusion. The injury to the Plaintiff's spine and the resulting medical treatment, disability, disfigurement and damages alleged in this Complaint were the proximate cause of violation of the Plaintiff's civil rights and all theories of liability alleged by the Plaintiff in this Complaint against the Defendant City

of Corpus Christi and the Defendants Salinas and Perriraz.

25.     On May 3, 2012, Plaintiff was transported from Christus Spohn Memorial Hospital to Harbor View Care Center, where he has remained under medical care to the present date, except for a short period in August 2012, where he attempted to return to his home, but was unable to remain because he needed nursing care and physical therapy provided by Harbor View Care Center.

## PROXIMATE CAUSE OF PLAINTIFF'S CIVIL RIGHTS VIOLATIONS AND PROXIMATE CAUSE OF PLAINTIFF'S INJURIES AND DAMAGES

26.     Defendants CCPD officers Salinas and Perriraz, individuals who were employed with the City of Corpus Christi at the time of the claims made in the Plaintiff's complaint, are liable to Plaintiff for his damages that are the proximate and producing cause of Defendants' Salinas and Perriraz's conduct, acts and omissions as follows. Plaintiff would show that Defendants Salinas and Perriraz's conduct, acts and omissions as follows, violate Plaintiff's constitutional civil rights under the Fourth and Fifth and Fourteenth Amendments of the U. S. Constitution civil rights violations are the proximate cause of Plaintiff's injuries and damages alleged in this complaint:

a.     The fracture to Plaintiff's thoracic spine and the resulting fusion and medical treatment and all medical expenses and costs related to the fracture and fusion are a direct and proximate cause of the excessive force used by Defendants Perriraz and Salinas in arresting the Plaintiff. Defendant's Perriraz and Salinas conduct of inflicting excessive force in arresting Plaintiff is a violation of

Plaintiff's civil rights under the Fourth and Fourteenth and Fifth Amendments of

the United States Constitution, which was a proximate cause of Plaintiff's

damages as alleged in this complaint.

      b.    The injury inflicted on Plaintiff by Defendants Perriraz and Salinas

were the proximate cause of injury to Plaintiff's back and spine, and aggravated

and exacerbated his pre-existing medical condition. The injury inflicted by the

Defendants Salinas and Perriraz's was a violation of Plaintiff's civil rights under

the Fourth and Fourteenth Amendment of the United States Constitution and such

violation was a proximate cause in whole or part of the Plaintiff's injuries inflicted

and aggravated or exacerbated Plaintiff's pre-existing medical condition;

      c.    Defendants Salinas and Perriraz's transporting Plaintiff first to the

Corpus Christi Detention Center and then to the Nueces County Jail rather than

transporting Plaintiff to a health care facility upon inflicting Plaintiff's injury was a

proximate cause of Plaintiff's civil rights under the Fourteenth and Fifth

Amendments of the United States Constitution, was violation was a proximate

cause of Plaintiff's damages alleged herein.

27.    Defendants Charette and Johnson, trained health care providers, and

individuals who were believed to be employed by NaphCare, the organization with the

contract to provide medical care to persons incarcerated at the Nueces County Jail, at the

time of the claims made in the Plaintiff's complaint, are liable to Plaintiff for his damages

that are the proximate and producing cause of Defendants' Charette and Johnson's conduct, acts and omissions as follows. Plaintiff would show that Defendants Charette and Johnson's conduct, acts and omissions as follows, violate Plaintiff's constitutional civil rights under the Fifth and Fourteenth Amendments of the U. S. Constitution civil rights violations are the proximate cause of Plaintiff's injuries and damages alleged in this complaint:

> a.    The Plaintiff was suffering from an injury inflicted on Plaintiff by Defendants Perriraz and Salinas and had a pre-existing medical conditions which were serious and both defendants displayed deliberate indifference to Plaintiff's serious medical needs and such indifference and calloused conduct, acts and omissions towards Plaintiff was a proximate cause violations of Plaintiff's civil rights under the Fifth and Fourteenth Amendment of the United States Constitution and such violation of Plaintiff's civil rights was a proximate cause in whole or part of the Plaintiff's injuries and damages suffered.

28.    Defendant City of Corpus Christi, as the policy maker relating to police conducts, acts, omissions, hiring, discipline, training, and enforcement, is liable for Plaintiff's damages that are the proximate and producing cause of the City of Corpus Christi's conduct, acts and omissions as follows. Plaintiff would show that Defendant City of Corpus Christi's conduct, acts and omissions as follows, is a violation of Plaintiff's constitutional civil rights under the Fourth and Fifth and Fourteenth

Amendments of the U. S. Constitution which civil rights violations are the proximate cause of Plaintiff's injuries and damages alleged in this complaint:

       a.       failure to properly train and/or supervise CCPD officers in the use of excessive force;

       b.       failure to properly enforce its existing policy on the use of force when detaining an arresting persons such as Plaintiff when the policy has been violated or adequately responding to reports and incidents involving excessive use of force;

       c.       failure to adopt a policy to eliminate or reduce violations of the excessive force when presented with reports and incidents evidencing the use of excessive force;

       d.       failure to adopt or enforce a policy or procedure on responding to a detainee, arrestee, or inmate's medical needs. Merely contracting with Christus Spohn Healthcare Systems to provide the jail medical services does not eliminate or alleviate Defendant City of Corpus Christi's duties and responsibilities under the U.S. Constitution;

       e.       maintaining and encouraging a custom or practice of denying detainees and arrestees adequate medical care and treatment by transporting the victims of excessive force or persons with serious medical needs to jail rather than for medical treatment at a health care facility.

f.    maintaining and encouraging a custom or practice of the rampant use of excessive force against detainees, arrestees and inmates, by failing to properly investigate the complaints and incidents and failing to properly and adequately respond to the complaints and incidents by victims of excessive force inflicted by CCPD officers and employees;

g.    operating and maintaining a detention center where detainees and arrestees are incarcerated and processed and the only response to serious medical needs is to call the City Emergency Medical Service if the detainee is in need of medical treatment.

29.    Defendant Nueces County, as the policy maker relating to the intake, custody, control maintenance, and treatment and care of persons incarcerated at the Nueces County Jail, is liable for Plaintiff's damages that are the proximate and producing cause of Nueces County's conduct, acts or omissions as follows. Plaintiff would show that Defendant Nueces County's conduct, acts and omissions as follows, is a violation of Plaintiff's constitutional civil rights under the Fifth and Fourteenth Amendment of the U.S. Constitution, which civil rights violations are the proximate cause of Plaintiff's injuries and damages alleged in this complaint:

a.    maintaining and encouraging a custom or practice of denying detainees and inmates/offenders adequate medical care and treatment for serious medical conditions by failing to properly and adequately enforce policies and

procedures mandated by the Texas Commission on Jail Standards by refusing or failing to timely and properly assess Plaintiff's medical condition and appropriately respond by transporting Plaintiff for medical treatment to a health care facility or health care provider who can provide adequate medical treatment for Plaintiff's serious medical needs;

      b.     maintaining and encouraging a custom or practice of giving superficial medical treatment in the appearance of providing medical treatment when in fact, the Plaintiff's symptoms and complaints supported a serious medical condition for which Defendant Nueces County ignored until the Plaintiff's distress was so extensive, that it was clear to anyone that Plaintiff's serious medical condition became life threatening;

      c.     maintaining and encouraging a custom or practice of processing and accepting detainees and/or arrestees for incarceration at the booking stage when the person, such as Plaintiff, should have been immediately transferred for medical treatment to a health care facility;

      d.     failing to adopt or enforce a policy and procedure that assures inmates/offenders, such as the Plaintiff, be properly assessed or a triage performed upon presentation of the detainee for incarceration at the Nueces County Jail. Merely entering into a contract with a health care provider does not eliminate nor alleviate Nueces County's responsibility or liability to Plaintiff for failure to adopt

or enforce a policy and procedure or assurance;

      e.     failing to adopt or enforce policies and procedures and maintaining and encouraging a custom and practice that deny adequate medical treatment to persons with serious medical conditions who are incarcerated at the Nueces County Jail, which Defendant Nueces County, is responsible as the policy maker for Nueces County Jail;

      f.     failing to adopt or enforce policies and procedures and maintaining and encouraging a custom and practice that Nueces County knows or should know because of the numerous complaints and incidents reported to Defendant Nueces County from victims of being denied adequate medical treatment for serious medical needs or having their serious medical needs unreasonably delayed while under the custody and control of Defendant Nueces County.

      g.     denial of and unreasonable delay in providing adequate medical treatment to Plaintiff during his incarceration and unreasonable delay in transporting him to the hospital is a violation of Plaintiff's rights under the Fifth and Fourteenth Amendment of the United States Constitution, which was a proximate cause of Plaintiff's damages as alleged in this Complaint;

      h.     by ignoring and failing to adopt corrective polices, failing to enforce existing policies, failing to adequately and effectively disciplining its officers or persons responsible for assessing and treating serious medical needs, and denying

or providing inadequate medical treatment to inmates/offenders with serious

medical needs has become a custom and practice so pervasive as to deny inmates

and offenders and Plaintiff their constitutional rights under the Fourteenth and

Fifth Amendments of the United States Constitution that is a proximate cause of

Plaintiff's damages alleged herein.

**VIOLATIONS CIVIL RIGHTS ACT – 42 U.S.C. §1983**
**4TH Amendment, 5th Amendment and 14th Amendment**

30.    Plaintiff relies upon the facts as stated in the "**FACTS**" paragraphs and the

"**PROXIMATE CAUSE OF PLAINTIFF'S CIVIL RIGHTS VIOLATIONS AND**

**PROXIMATE CAUSE OF PLAINTIFF'S INJURIES AND DAMAGES**",

paragraphs, *supra,* incorporated herein as if fully set forth, in support of Plaintiff's claims

for liability and damages proximately caused by Defendants' City of Corpus Christi, and

CCPD Officers Salinas and Perriraz and Defendants Johnson and Charette for violations

of Plaintiff's civil rights under the Fourth, Fifth and Fourteenth Amendments of the

United States Constitution as vindicated under 42 U.S.C. §1983. The conduct, acts and

omissions by the Defendants were done intentionally and with willful and wanton

disregard of the Plaintiff's constitutional rights and with deliberate indifference and

callous disregard of the Plaintiff's rights which deprived Plaintiff of his constitutional

rights, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States

Constitution as vindicated through 42 U.S.C. § 1983,  which violation was a proximate

and producing cause of Plaintiff's damages and injuries alleged herein.

31.     Defendant CCPD Officers Salinas and Perriraz, unlawfully and wrongfully detained, unlawfully and wrongfully arrested the Plaintiff without probable cause or justification in violation of Plaintiff's civil rights as guaranteed by the Fourth., Fifth and Fourteenth Amendment of the United States Constitution vindicated pursuant to 42 U.S.C. § 1983,  which violation was a proximate and producing cause of Plaintiff's damages and injuries alleged herein.

32.     Defendant CCPD Officers Salinas and Perriraz, unlawfully and wrongfully used excessive force against Plaintiff while detaining and arresting the Plaintiff and during Plaintiff's wrongful detention and arrest, done without probable cause or justification and in denial of Plaintiff's due process rights guaranteed by the constitution. Such wrongful and unlawful use of excessive force by Defendant CCPD Officers Salinas and Perriraz violated an was a proximate cause of violation of Plaintiff's civil rights as guaranteed by the Fourth., Fifth and Fourteenth Amendment of the United States Constitution vindicated pursuant to 42 U.S.C. § 1983, which violation of his civil rights was a proximate and producing cause of Plaintiff's damages and injuries alleged herein.

33.     Defendant CCPD Officers Salinas, Perriraz, Charette, Johnson, City of Corpus Christi and Nueces County, unlawfully and wrongfully denied Plaintiff adequate medical treatment for Plaintiff's pre-existing medical condition and denied Plaintiff adequate medical treatment for the injuries Plaintiff suffered at the time he was arrested by CCPD officers Salinas and Perriraz, which conduct is a proximate cause of the a violation of Plaintiff's rights under the Fifth and Fourteenth Amendments of the United

States Constitution vindicated pursuant to 42 U.S.C. § 1983. The Fourteenth Amendment

violations of denying Plaintiff adequate medical care constitutes punishing Plaintiff as a

pre-trial detainee without due process of law and constitutes cruel and unusual

punishment. Defendants conduct, acts and omission were done intentionally and with

willful and wanton disregard of the Plaintiff's constitutional rights and with deliberate

indifference and callous disregard of the Plaintiff's rights and deprived Plaintiff of his

constitutional rights, in violation of the Fourth, Fifth, and Fourteenth Amendments of the

United States Constitution as vindicated through 42 U.S.C. § 1983,  which violation was a

proximate and producing cause of Plaintiff's damages and injuries alleged herein, and the

conduct, acts and omissions are the proximate cause of Plaintiff's constitutional rights

under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

34.     Plaintiff suffered from a known and serious medical condition which the all

the Defendants knew or should have known and who failed to take the necessary action to

provide Plaintiff adequate medical care for the injuries Plaintiff suffered at the time of the

arrest and for treatment of Plaintiff's injuries and pre-existing medical condition during

the period that Plaintiff was held at the Corpus Christi Detention Center and at the Nueces

County Jail. Such failure to provide adequate medical care at the time the injuries were

inflicted on the Plaintiff and during the period of Plaintiff's incarceration at both the

Corpus Christi Detention Center and at the Nueces County Jail was done intentionally and

with willful and wanton disregard of the Plaintiff's constitutional rights and with

deliberate indifference and callous disregard of the Plaintiff's rights and deprived

Plaintiff of his constitutional rights, in violation of the Fourth, Fifth, and Fourteenth

Amendments of the United States Constitution as vindicated through 42 U.S.C. § 1983.

35.     Plaintiff would show that the Defendant City of Corpus Christi violated

Plaintiff's constitutional rights guaranteed by the Fourth, Fifth and Fourteenth

Amendments of the United States Constitution because the City (1) failed to have in

effect policies or procedures to protect the civil rights of its citizens from being victims of

excessive force; (2) alternatively, that any policy or procedure relating to the use of

excessive force is unconstitutional; (3) alternatively, the policy or procedure relating to

the use of force, though constitutional on its face, was applied in an unconstitutional

manner, known to by the policy makers of the City and the failure to properly apply or by

allowing the policy to be enforced in an unconstitutional manner would result in violation

of the constitutional rights of persons similarly situated as the Plaintiff; (4) that it was the

custom and practice of the City of Corpus Christi police personnel to use excessive force

against persons such as the Plaintiff that resulted in the violation of the civil rights of

persons such as plaintiff or similarly situated to the Plaintiff, which was known to the

policy makers of the City of Corpus Christi; (5) the policy maker knows and tolerates and

ratifies the continued use of excessive force in violation of the Fourth, Fifth and

Fourteenth Amendments of the United States Constitution guaranteed to the Plaintiff and

persons similarly situated, which conduct, acts and omissions is the proximate cause of

violation of Plaintiff's civil rights. The Defendant City of Corpus Christi conduct, acts

and omissions regarding the policy and procedures, custom and practice was a driving

force that proximately caused the constitutional violation of Plaintiff's rights as alleged in

this Complaint which violations are a proximate cause of Plaintiff's damages alleged

herein.

36.    As more specifically alleged in the "**FACTS**" and  "**PROXIMATE**

**CAUSE OF PLAINTIFF'S CIVIL RIGHTS VIOLATIONS AND PROXIMATE**

**CAUSE OF PLAINTIFF'S INJURIES AND DAMAGES**" paragraphs, *supra,* Plaintiff

would show that the Defendants City of Corpus Christi and Nueces County violated

Plaintiff's constitutional rights guaranteed by the Fifth and Fourteenth Amendments of

the United States Constitution because the City and Nueces County (1) failed to have in

effect policies or procedures to protect the civil rights of its citizens by providing

adequate medical care at the time a person is arrested and during the period that persons

such as Plaintiff are under the care of and in the custody and control of the Defendants

City and Nueces County from being denied medical treatment; (2) alternatively, that any

policy or procedure regarding medical care is unconstitutional; (3) alternatively, the

policy or procedure relating to medical care and treatment, though constitutional on its

face, was applied in an unconstitutional manner, known to by the policy makers of the

City and Nueces County, and the failure to properly apply or by allowing the policy to be

enforced in an unconstitutional manner would result in violation of the constitutional

rights of persons similarly situated as the Plaintiff; (4) that it was the custom and practice

of the City of Corpus Christi police personnel and the Nueces County jail personnel to

deny adequate medical treatment to persons such as the Plaintiff that resulted in the

violation of the civil rights of persons such as plaintiff or similarly situated to the Plaintiff, which was known to the policy makers of the City of Corpus Christi and Nueces County; (5) the policy makers know, tolerate and ratify the continued practice to deny adequate medical treatment force in violation of the Fifth and Fourteenth Amendments of the United States Constitution guaranteed to the Plaintiff and persons similarly situated. The Defendants City of Corpus Christi and Nueces County's conduct, acts and omissions regarding the policy and procedures, custom and practice was a driving force that proximately caused the constitutional violation of Plaintiff's rights as alleged in this Complaint which violations are a proximate cause of Plaintiff's damages alleged herein.

37.     All Defendants displayed deliberate indifference to Plaintiff's illness and to Plaintiff's injuries. Plaintiff's injuries and medical condition were serious. Plaintiff was injured as a result of the Defendants Perriraz and Salinas's conduct, acts and omissions regarding Plaintiff's medical condition and Plaintiff's injuries inflicted by Perriraz and Salinas. The Nueces County Jail conditions resulted in a serious deprivation of Plaintiff's basic human needs because the confinement was cruel and unusual by depriving Plaintiff of the minimal civilized measure of life's necessities and were unreasonable and did not comply with the minimal levels of human decency. Defendants City of Corpus Christi and Nueces County, as set out more specifically in the **"FACTS"** and "**PROXIMATE CAUSE OF PLAINTIFF'S CIVIL RIGHTS VIOLATIONS AND PROXIMATE CAUSE OF PLAINTIFF'S INJURIES AND DAMAGES**" paragraphs *supra.*

38.     Additionally, Defendants City of Corpus Christi and Nueces County are

liable to Plaintiff because they failed to adopt or enforce policies and procedures to

guarantee Plaintiff's civil rights were protected under the Fifth and Fourteenth

amendments of the U. S. Constitution were violated because of the conditions of his

confinement and the use of excessive force that the Defendants know or should have

known because of the same or similar reported incidents and complaints by other

inmate/offenders or their representatives over several years prior to Plaintiff's

confinement.

39.     All Defendants conduct, acts and omission, was a proximate cause of

violation of Plaintiff's civil rights and denied Plaintiff his constitutional rights as

guaranteed by the United States Constitution and the Constitution of the State of Texas as

alleged herein and as supported by the facts as stated in the "**FACTS**" and

"**PROXIMATE CAUSE OF PLAINTIFF'S CIVIL RIGHTS VIOLATIONS AND

PROXIMATE CAUSE OF PLAINTIFF'S INJURIES AND DAMAGES**" paragraphs

*supra.*

40.     As a result and proximate cause of Defendants concerted unlawful and

malicious abuse of the Plaintiff, Defendants intentionally, or with deliberate indifference

and callous disregard of the Plaintiff's rights deprived Plaintiff of his constitutional

rights, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States

Constitution causing Plaintiff to suffer injures and damages as alleged in the  "**FACTS**"

and  "**PROXIMATE CAUSE OF PLAINTIFF'S CIVIL RIGHTS VIOLATIONS

AND PROXIMATE CAUSE OF PLAINTIFF'S INJURIES AND DAMAGES**" *supra*

and **"DAMAGES"** paragraphs, *infra,* herein.

41.    Defendant City of Corpus Christi's conduct in the unlawful arrest and

detention and confinement of the Plaintiff and the misuse of tangible personal property,

i.e. handcuffs, and an object, used to physically beat Plaintiff and the physical abuse of

the Plaintiff constitutes excessive force in violation of both Texas and Federal law.

Defendant violated the Plaintiff's rights to be free from excessive force and unlawful

arrests and detentions without probable cause, in violation of the Plaintiff's Fourth and

Fourteenth Amendment Rights and in violation of Tex. Civ. Prac. & Rem. Code §

101.021 (West).

42.    The Defendants wrongful conduct, acts and omissions and constitutional

violations are the proximate and producing cause of Plaintiff injuries and damages

alleged herein.

### GOVERNMENTAL ENTITIES

43.    As noted more specifically in the "**FACTS**" and  "**PROXIMATE CAUSE**

**OF PLAINTIFF'S CIVIL RIGHTS VIOLATIONS AND PROXIMATE CAUSE OF**

**PLAINTIFF'S INJURIES AND DAMAGES**" paragraphs *supra.* Defendants City of

Corpus Christi and Nueces County failed to have proper facilities, policies, and

procedures to evaluate, immediately transfer, properly and safely process, or

accommodate persons with disabilities such as the Plaintiff.

44.    All Defendants were acting under color of law and pursuant to official

policy or custom. Defendants City of Corpus Christi and Nueces County knowingly,

recklessly, or with deliberate indifference, maliciousness, and calloused disregard of Plaintiff's rights violated Plaintiff's constitutional rights that were a proximate cause of Plaintiff's damages alleged herein. Defendants:

    a.    failed to have proper policy and procedures to identify and evaluate medical conditions for persons being detained, arrested, and/or incarcerated, by the City or County;

    b.    adopted and enforced policy and procedures that are unconstitutional;

    c.    applied policy and procedures in an unconstitutional manner;

    d.    failed to instruct, supervise, control, and discipline, on a continuing basis its personnel in adopting, enforcing, reviewing, and violating policy and procedures relating to the use of excessive force and providing adequate medical treatment, and specifically defendants police officers and jailers or deputies in the operation and enforcement of proper policies and procedures to be followed with persons who are injured at the time of the detention and arrest or suffer from a medical condition;

    e.    failed to properly train, implement proper procedures that would protect against constitutional violations;

    f.    failed to have the proper procedures and policies to protect citizens from having their civil rights violated;

    g.    failed to follow, enforce, or train and knowingly disregarded policies and procedures to protect citizens such as the Plaintiff from constitutional

violations;

h.      fail to taken adequate and necessary action to discourage or discipline its

personnel who violate citizen's civil rights;

i.      fail to properly train its law enforcement personnel,

j.      and otherwise depriving Plaintiff of his constitutional and statutory, rights,

privileges, and immunities.

45.      Defendants City of Corpus Christi and Nueces County had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have known that the wrongs committed against Plaintiff as heretofore alleged, were about to be committed. The City and County had the power and duty to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so. Such conduct was malicious.

46.      Defendants City and County, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants in the detention, arrest, use of excessive force and denial of adequate medical treatment and confinement of Plaintiff.

47.      As a direct and proximate and producing cause of the Defendants conduct herein, was the basis of the constitutional violation of Plaintiff's rights for which Plaintiff has suffered the damages alleged in this Complaint.

## VIOLATIONS OF TEXAS TORT CLAIMS ACT

48.      Plaintiff would show that the facts alleged in the "**FACTS**" and

"**PROXIMATE CAUSE OF PLAINTIFF'S CIVIL RIGHTS VIOLATIONS AND**

**PROXIMATE CAUSE OF PLAINTIFF'S INJURIES AND DAMAGES**" paragraphs

*supra.* and in the **"DAMAGES"** paragraphs incorporated herein as if fully set forth

constitute the Defendant City of Corpus Christi's violation of the Texas Tort Claims Act,

*Tex. Civ. Prac. & Rem. Code Ann. §101.021 et seq.* Plaintiff suffered grievous personal

injuries caused by the wrongful act or omission or negligence caused by the condition or

use of tangible personal property. Additionally Plaintiff suffered personal injuries from

the City and from Defendants Salinas and Perriraz, employees of the City of Corpus

Christi by reason of the employees' negligence, wrongful act or omission because the

employees would be personally liable to Plaintiff according to Texas law. The wrongful

conduct, acts, and omission of the Defendant City in violation of the Texas Tort Claims

Act is the proximate and producing cause of the Plaintiff's damages alleged herein.

## FEDERAL COMMON LAW VIOLATION CIVIL RIGHTS

49.      Plaintiff would show that the facts as alleged in the "FACTS" paragraphs

constitute liability by the Defendants City, Salinas and Perriraz because defendants

violated federal law and Plaintiff's civil rights under the Fourth, Fifth, and Fourteenth

Amendments of the United States Constitution, and violated rights under federal statutes,

which conduct by the Defendants is a proximate and producing cause of Plaintiff's

damages alleged herein. Plaintiff brings this cause of action under common law pursuant

Case 2:14-cv-00066 Document 38-2 Filed in TXSD on 10/06/14 Page 29 of 33

to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

## NEGLIGENCE

50.     Plaintiff would show that the conduct, acts and omissions of the defendants Salinas and Perriraz as set forth in the "FACTS" paragraphs, *supra,* incorporated herein as if fully set forth, constitutes negligence, which is the proximate cause of Plaintiff's damages alleged herein, for an amount within the jurisdictional limits of this court.

## ASSAULT AND BATTERY

51.     Plaintiff would show that the conduct and acts of the individual defendants Salinas and Perriraz as set forth in the "FACTS" paragraphs, *supra*, incorporated herein as if fully set forth, constitutes assault and battery which is a proximate and producing cause of Plaintiff's damages alleged herein, for which Plaintiff seeks recovery from the individual defendants Salinas and Perriraz.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52.     Plaintiff would show that the conduct and actions of defendants Salinas and Perriraz and Charette and Johnson as set forth in the "FACTS" paragraphs, supra, incorporated herein as if fully set forth constitutes intentional infliction of emotional distress that is a proximate and producing cause of Plaintiff's damages in an amount within the jurisdictional limits of this court.

## MALICE

53.     Plaintiff would show that the conduct of the defendants Salinas and Perriraz

and Charette and Johnson constitutes malice, which is the proximate and producing cause of Plaintiff's damages alleged herein and entitles Plaintiff to recover exemplary damages against the individual defendants for Plaintiff's state causes of action for assault and battery, as provided by Tex. Civ. Prac. & Rem. C. §41.001 (6), §§ 41.002, 41.003 (West). Plaintiff would further show that the malice can be inferred from the conduct itself. Plaintiff seeks damages in an amount within the jurisdictional limits of this court.

## DAMAGES

54. Plaintiff would show that as a proximate and producing cause of Defendants' conduct, acts, or omissions, as set forth in the 'FACTS" paragraphs, supra, Plaintiff has suffered the following elements of damages:

a. Physical pain and mental anguish in the past and that will in all likelihood be incurred in the future;

b. Disfigurement in the past and that will continue into the future;

c. Physical impairment in the past and that will in all likelihood continue into the future;

d. Medical care and hospital, doctor, and reasonable, necessary and customary costs and expenses for his medical care and treatment in the past and that will in all likelihood be incurred in the future.

e. Plaintiff's out of pocket expenses;

f. Plaintiff's consequential damages;

g. Plaintiff seeks relief for the court to enter judgment that the County and City

enact policies, procedures, rules and regulations that provide law

enforcement to be trained and policies enacted for assessment, identification,

and handling of detainees, inmates, and persons who are approached,

detained, arrested, and incarcerated by law enforcement, who suffer from

mental or medical disabilities to assure that their constitutional rights are

protected.

h.      Litigation costs and expenses, and reasonable expert fees and expenses.

55.     Plaintiff would show that the conduct of the Defendants aggravated or

exacerbated Plaintiff's pre-existing medical condition.

56.     Plaintiff reserves the right to replead and allege further elements of damages,

and Plaintiff alleges damage in an amount within the jurisdictional limits of this court.

### ATTORNEY FEES 42 U.S.C. § 1988

57.     The undersigned attorneys have been retained by plaintiff to pursue the

cause of action alleged herein.  Plaintiff is entitled to recover attorney fees; which are

reasonable and necessary in this cause. The undersigned counsel, William H. Berry, Jr.,

Gail D. C. Dorn, William R. Edwards, and William R. "Billy" Edwards, III, are expected

to testify as expert witnesses at the time of trial as to the reasonable and necessary

incurrence of said attorney fees. These attorney's fees are:

a.      Reasonable and necessary attorney fees for the preparation and trial of this

cause.

b.      Reasonable and necessary attorney fees for an appeal to the Court of

Appeals or Circuit Court.

c.    Reasonable and necessary attorney fees for making or responding to an
appeal or writ of certiorari to the United States Supreme Court; and

d.    Reasonable and necessary attorney fees for making or responding to a
certified question to the Texas Supreme Court; and

e.    Reasonable and necessary attorney fees for an appeal to the United States
Supreme Court in the event an appeal or writ of certiorari is granted.

f.    Reasonable and necessary attorney fees for collection of the judgment in this
case or fees incurred upon remand of the case by any appellate court for a
redetermination of all or any portion of a judgment.

**INTEREST**

58.    Plaintiff is entitled to recover prejudgment and post judgment interest at the
highest rate allowed by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon a trial on the
merits, that Plaintiff be awarded Plaintiff's actual damages against all defendants, and
exemplary damages against the individual defendants, reasonable and necessary attorney
fees, expert fees and expenses, prejudgment and post judgment interest at the highest rate
allowed by law, costs of court, and for all other relief to which Plaintiff is entitled in law
and equity and which may arise from the pronouncement from the Court of Appeals,
Texas Supreme Court, United States District and Circuit Courts, and United States
Supreme Court pending the litigation or appeal of this matter.

Plaintiff requests a jury trial.

<u>CERTIFICATE OF SERVICE:</u>    This document is being filed electronically and will be delivered via the Electronic Case Filing system to counsel who have appeared, counsel for NUECES COUNTY, Assistant Nueces County Attorneys, N. Joseph  Unruh, USDC#1571957, Texas Bar 24075198, joseph.unruh@co.nueces.tx.us, at 901 Leopard Street, Corpus Christi, Texas 78401 (361) 888-0391; and to counsel for CITY CORPUS CHRISTI, Mark DeKoch, Texas Bar 05722500, Federal ID 7442, MarkD@cctexas.com, and Jody D. Leake, Texas Bar 02407116, Federal ID 2119501, JodyL@cctexas.com, at 1201 Leopard Street, P. O. Box 9277, Corpus Christi, Texas 78469-9277, (361) 826-3360; counsel for POLICE OFFICERS, James F. McKibben, Jr., SBOT 13713000, USDC#914, e-mail: jmckibben@mcv-law.com, Liza Aguilar Wood, SBOT 24006741, USDC# 23222, at McKibben & Villarreal, L.L.P., 1100 Tower II, 555 N. Carancahua, Corpus Christi, TX 78401-0841, (361) 882-6611, Facsimile: (361) 883-8353, on this date <u>October 6, 2014.</u>

Respectfully submitted,

**THE EDWARDS LAW FIRM**

/s/     *William H. Berry, Jr.*
_____

**WILLIAM R. "Billy" EDWARDS, III**
Attorney for Plaintiff
Texas Bar 06465010, Federal ID #
P. O. Box 480
Corpus Christi, TX  78403
Phone: 361-698-7600
Facsimile: 361-698-7614
e-mail: bedwards@edwardslaw.com

**WILLIAM H. BERRY, JR.**
Attorney in Charge for Plaintiff
Texas Bar 02251000, Federal ID 1155
**GAIL D. C. DORN**
Attorney for Plaintiff
Texas Bar 06007350, Federal ID 16311
P. O. Box 23064
Corpus Christi, Texas 78403-3064
(361) 888-5568
e-mail: berrylaw@sbcglobal.net