UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAM A BALLE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-66 |
| | § | |
| CITY OF CORPUS CHRISTI, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
ON NUECES COUNTY'S MOTION TO DISMISS**

In this civil rights action, Plaintiff Adam Balle claims that certain officers with the Corpus Christi Police Department used excessive force when they arrested him on March 6, 2012, and that he was then denied adequate medical treatment while detained at the Nueces County Jail. (D.E. 40). Pending is Nueces County's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 44). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 for case management, including making recommendations to the Court as to all dispositive motions. For the reasons stated herein, it is respectfully recommended that the Court deny the County's motion.

**I.     JURISDICTION.**

The Court has federal question jurisdiction. 28 U.S.C. § 1331.

## II. PROCEDURAL BACKGROUND.

On March 5, 2014, Plaintiff filed his Original Complaint alleging that Defendants used excessive force and were deliberately indifferent to his serious medical needs in violation of his constitutional rights. (D.E. 1). He named as Defendants: (1) the City of Corpus Christi; (2) Nueces County, Texas; (3) Officer A. Salinas/Salines, Badge #9163; (4) Officer B. Perriraz, Badge #8738; (5) Officer A. Salinas, Badge #1362; (6) Ten (10) Jane Doe Defendants; and (7) Ten (10) John Doe Defendants. (D.E. 1).

On May 7, 2014, Nueces County filed a Rule 12(e) Motion for More Definite Statement (D.E. 21), and a Rule 12(b)(6) Motion to Dismiss. (D.E. 22). The County's Motion for More Definite Statement was granted, and Plaintiff was ordered to file an Amended Complaint by October 6, 2014. (D.E. 36).

On October 6, 2014, Plaintiff filed an unopposed motion for leave to file Amended Complaint (D.E. 38), and his Amended Complaint was docketed on October 7, 2014. (D.E. 40). In his Amended Complaint, Plaintiff identifies two Jane Doe Defendants: Deborah Charette and C. Johnson. On October 20, 2014, Nueces County filed the instant Motion to Dismiss. (D.E. 44). Following an extension of time (D.E. 54, 56), on November 24, 2014, Plaintiff filed a response in opposition to the County's Motion to Dismiss. (D.E. 57). On December 3, 2014, the County was granted leave to file a reply to Plaintiff's response. (D.E. 61).

## III. PLAINTIFF'S ALLEGATIONS.

The following allegations set forth from Plaintiff's perspective were made in Plaintiff's Amended Complaint, (D.E. 40):

Plaintiff is an insulin-dependent diabetic. (D.E. 40, ¶ 16). At the time of the incidents giving rise to Plaintiff's claims, Plaintiff was forty-three years old and was receiving Social Security disability benefits for a back injury. *Id.* However, he was able to ambulate without assistance and to drive a car. *Id.*

On March 6, 2012, Plaintiff was at home with his wife, Ilena Balle. (D.E. 40, ¶ 17). An argument ensued and Ilena Balle called 911. *Id.* Officer Salinas and Officer Perriraz arrived at Plaintiff's home. *Id.* Plaintiff was sitting in a remodeled garage watching television. *Id.* The officers grabbed Plaintiff by the arm and "yanked" him from the chair, causing the television to fall on his lap. *Id.* As Plaintiff returned the television to the table, the officers pushed Plaintiff to the floor and then handcuffed his arms behind his back. *Id.* Plaintiff's knees were scrapped from being pushed to the floor. *Id.* One officer pulled Plaintiff up by one arm, and then both officers began to escort Plaintiff away. *Id.*

As the officers directed Plaintiff toward the police car that was parked out front, Officer Salinas told Plaintiff to hurry up, while Officer Perriraz kicked him twice in the middle of his back, causing him to fall. (D.E. 40, ¶ 18). Officer Perriraz then kicked Plaintiff on the right side of his stomach. *Id.* Both officers then placed Plaintiff in the back of the patrol car and transported him to the Corpus Christi Detention Center. *Id.,* ¶ 19. While held at the Detention Center, Plaintiff did not receive medical attention. *Id.*

On March 7, 2012, at approximately 11:40 p.m., Plaintiff arrived at the Nueces County Jail. (D.E. 40, ¶ 20). Plaintiff was in "excruciating pain" and "was denied his diabetic medicine on a regular basis." *Id.* On March 10, 2012, Plaintiff submitted an

Inmate Communication requesting medical attention. *Id.* He related that he was no longer able to care for himself, that he was having severe muscle spasms, and that he had lost the control of his bowel and bladder. *Id.* The Jail's "Pass Logs" reflect that Plaintiff complained of soiling himself, losing the use of his legs and being in pain, and claiming that he was paralyzed such that he could not ambulate to receive his diabetic medication. *Id.,* ¶ 21. During this time, Nurse C. Johnson and Physician's Assistant D. Charette knew of and disregarded his complaints of pain and paralysis. *Id.,* ¶ ¶ 22-23.

On March 2012, Plaintiff was transferred by ambulance from the Nueces County Jail to Christus Spohn Memorial Hospital. (D.E. 40, ¶ 24). Plaintiff remained hospitalized almost two months, until May 3, 2012. *Id.* At the time of admission, Plaintiff was diagnosed with an acute distracted fracture at T12 vertebrae with involvement of T11-T12 disc space and cervical caudal distraction. *Id.* Posterior elements were involved including the lamina and spinous process with the vertebra of T12. *Id.*

On March 17, 2012, Plaintiff underwent spinal surgery with fusion at T9-T12, and a T10-T11-T12 fusion. (D.E. 40, ¶ 24). On May 3, 2012, Plaintiff was transported from Christus Spohn Memorial Hospital to Harbor View Care Center, a full-time nursing facility. (D.E. 40, ¶ 25). Except for a brief period in August 2012 when he attempted to return home but was unable to remain due to his physical and medical needs, Plaintiff now remains at Harbor View through the present date.

## IV. MOTION TO DISMISS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted; however, the district court must construe the complaint in a light most favorable to the plaintiff, and the allegations contained therein must be taken as true. *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In the context of a defendant's motion to dismiss, the district court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## V. DISCUSSION.

Plaintiff is suing Officer Salinas and Officer Perriraz for excessive force; health care providers P.A. Charette and Nurse Johnson for deliberate indifference to his serious medical needs; and the City of Corpus Christi and Nueces County alleging that these municipalities had in place unconstitutional customs, practices, or polices and/or failed to train properly their employees such that the municipality itself is liable for Plaintiff's injuries. (*See* D.E. 40, ¶¶ 26-29). Nueces County moves to dismiss Plaintiff's claims against it arguing that Plaintiff has failed to plead sufficient factual allegations that if true, would state a claim against Nueces County. Nueces County argues that Plaintiff's

allegations are conclusory, and that Plaintiff fails to plead with particularity, let alone offer evidence, to support his claims to establish municipal liability based on either unconstitutional custom or policy or failure to train theories of relief.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).

A municipality will be liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). Liability of a municipality under § 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Lawson v. Dallas County*, 286 F.3d

257, 263 (5th Cir. 2002) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. *Id.* at 264. An isolated incident is not sufficient to show a custom. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985).

For purposes of Rule 12(b)(6), Plaintiff has alleged sufficient facts that, if true, sufficiently state a § 1983 claim against Nueces County for either maintaining an unconstitutional practice or policy in regards to the medical needs of its pretrial detainees or a failure to train properly the medical staff charged with attending to those needs. Indeed, according to the "Pass Logs" allegedly maintained by Nueces County, Plaintiff's arrival at the Jail is indicated in the Jail's medical records on March 8, 2012 at 11:55 a.m. with the notation "2 x 12 HC -> 2P Balle Adam." (D.E. 40, ¶ 21). Thus it appears that, upon his arrival, the medical department simply noted that Plaintiff was in a 2' by 12' holding cell for two persons. *Id.* There was no medical screening, no review of alleged injuries or complaints, and no evaluation of current medications or chronic conditions. The next day, Plaintiff submitted an Inmate Communication that he had soiled himself and was unable to clean himself, but this communication merited no response from the medical department. On March 11, 2012, Plaintiff submitted an Inmate Communication complaining of *losing the use of his legs* and pain. (D.E. 40, ¶ 21). He was "cleared" by C. Johnson. There is no explanation of what examination was conducted and how Nurse Johnson determined to "clear" Plaintiff and not to call a physician. On March 12, 2012,

Plaintiff was advised that he needed to go to the medication line to receive his insulin. Plaintiff stated that he was sick, but Medic Saldana was advised that he had been "cleared" the day before by C. Johnson, so no action was taken. Plaintiff was characterized as "refusing" to go for his diabetic check. It was only after his persistent "refusal" to move that day that an ambulance was called and he was taken to Spohn Hospital. *Id.* If true, these facts establish that Nueces County either had a policy or practice of purposely remaining ignorant of the medical condition of its pretrial detainees, perhaps as a means of managing its costs, or perhaps due to a shortage of qualified personnel. Alternatively, these same facts, as set forth by Plaintiff, show that the Nueces County Jail medical department was grossly untrained and allowed a diabetic detainee with a broken back and loss of bodily functions to sit in his cell and go without his medication or proper care for four days.

Nueces County has offered a plethora of case law in support of its motion to dismiss. However, except for one unreported district court decision from the Eastern District of Texas, ***none*** of the cases relied on by Nueces County were disposed of at the Rule 12(b)(6) stage. All of those cases went to summary judgment or even to trial, and therefore, are of no assistance to Nueces County on its motion to dismiss  The Eastern District of Texas case, *Chaisson v. Grounds,* 2014 WL 175329 (E.D. Tex. Jan. 14, 2014) (unpublished), does not assist Nueces County. In *Chaisson,* the prisoner-plaintiff reported to the medical department on May 19, and a nurse told him to submit a sick call request. Chaisson submitted a sick call request the next day, and he was seen the following day, May 21, by medical. He did not allege any substantial harm as a result of

8 / 10

the three day delay, and the district court correctly found that such allegations did not state a claim of deliberate indifference.  *Chaisson* at 4.

In contrast, in the case *sub judice,* Plaintiff was not able to ambulate to the medical department and talk to a nurse who could make an assessment before instructing him to submit a sick call request as in *Chaisson.*  He received only the medical treatment that came to him in response to his Inmate Communications, and from his allegations, this was none.  He was not an inmate on a unit with a known history, but a pretrial detainee with no relevant medical screening performed.  Finally, Plaintiff is alleging substantial harm: a decline from self-sufficiency to total dependence.

## VI.   RECOMMENDATION.

For purposes of Rule 12(b)(6), Plaintiff has alleged sufficient facts to state a §1983 claim against Nueces County.  Accordingly, it is respectfully recommended that the County's Motion to Dismiss (D.E. 44) be in all things **DENIED.**

ORDERED this 3rd day of February, 2015.

                                                                              _____
                                                                                             Jason B. Libby
                                                                                  United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).