UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAM A BALLE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-00066 |
| | § | |
| CITY OF CORPUS CHRISTI, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER SUSTAINING OBJECTION TO**
**MEMORANDUM AND RECOMMENDATION AND**
**GRANTING NUECES COUNTY'S MOTION TO DISMISS**

Pending before the Court is "Nueces County's Rule 12(b)(6) Motion to Dismiss" (D.E. 44). On February 3, 2015, United States Magistrate Judge Jason B. Libby issued his "Memorandum and Recommendation on Nueces County's Motion to Dismiss" (D.E. 67), recommending that the motion be denied. Defendant Nueces County filed its Objection (D.E. 70) on February 10, 2015.

Nueces County states a single objection: that Plaintiff failed to state a claim against Nueces County pursuant to § 1983 because he failed to plead the identity of a policymaker for Nueces County who could be held responsible for Nueces County's alleged failure to prevent the type of conduct that resulted in Plaintiff's alleged injuries. D.E. 70. Nueces County had included that legal issue as a ground for dismissal in its motion and the Magistrate Judge did not address it directly. D.E. 44, pp. 6-7; D.E. 67, p. 6.

In his First Amended Complaint, Plaintiff initially alleges that Nueces County, itself, is the policymaker for itself and the County Jail. D.E. 40, pp. 15, 17. Later in the pleading, he alleges that constitutional issues were known by the policymakers of Nueces County. *Id.* at 22, 23. He does not, in that context, disclose the identity of any such policymaker of Nueces County. And in his response to the motion to dismiss, he states simply that Nueces County was the policymaker for itself. D.E. 57, pp. 3, 8-9, 11.

It is well-settled that municipal liability may not be predicated on theories of *respondeat superior* or isolated events. *Los Angeles County v. Humphries*, 131 S.Ct. 447, 452 (2010); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Instead, a plaintiff must show that the county's policymaker either instituted a policy that permitted the objectionable conduct or was aware of an unconstitutional pattern of conduct sufficiently widespread to justify the conclusion that the policymaker allowed it to persist with requisite knowledge and intent rather than acting to stop it. *Jett v. Dallas Independent School District*, 491 U.S. 701, 737 (1989); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989); *Piotrowski, supra*.

Rather than identify a policymaker responsible for Nueces County's actions or inactions, Balle's pleading is conclusory in stating that there is one (albeit unnamed) or that Nueces County is one (even though this offers nothing in terms of the requisite state of mind necessary for imposing liability under § 1983). Alternatively, he alleges an unconstitutional "custom or practice" without pleading a single additional instance of the conduct of which he complains. Such conclusory allegations do not withstand Rule 12(b)(6) scrutiny under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Fifth Circuit has made it clear that this element is "not an opaque requirement." *Piotrowski, supra*.

While recognizing the "policymaker" as an element for the cause of action, the Magistrate Judge did not directly address Balle's failure to identify the policymaker or to set out a factual basis for the allegations of "custom or practice" beyond the incident at issue. Instead, he implicitly held that the failure to plead the identity of the policymaker or the circumstances of a widespread practice or custom did not compel a Rule 12(b)(6) dismissal and that it would be more appropriately addressed at the summary judgment or even trial stage. D.E. 67, pp. 8-9.

This Court does not agree. Balle is required to plead the identity of the policymaker and/or facts that demonstrate a widespread unconstitutional practice or custom in order to make the claim that a constitutional violation has taken place plausible rather than formulaic and conclusory. Because he failed to do so, Nueces County is entitled to a dismissal of the claim. Because of that ruling, the Court need not address any other issue with respect to Nueces County's motion to dismiss.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Defendant Nueces County's Objection, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **SUSTAINS** Defendant Nueces County's Objection and **DECLINES TO ADOPT** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendant

Nueces County's Motion to Dismiss (D.E. 44) is **GRANTED** and the Court **DISMISSES** all of Plaintiff Balle's claims against Defendant Nueces County, Texas.

ORDERED this 26th day of February, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE