# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40789

United States Court of Appeals
Fifth Circuit
**FILED**
June 15, 2017
Lyle W. Cayce
Clerk

ADAM A. BALLE,

        Plaintiff–Appellant,

v.

NUECES COUNTY, TEXAS; DEBORAH CHARETTE; CHELSEA JOHNSON,

        Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Texas

Before KING, JOLLY, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

    This 42 U.S.C. § 1983 case arises out of injuries Adam Balle allegedly sustained while he was detained at a facility operated by Nueces County and was under the care of the facility's medical professionals, Deborah Charette and Chelsea Johnson. The district court dismissed Balle's claims against Nueces County, Charette, and Johnson under Federal Rule of Civil Procedure 12(b)(6). We AFFIRM in part, REVERSE in part, and REMAND.

## I. BACKGROUND

    According to the amended complaint, on March 6, 2012, two Corpus Christi police officers responded to a domestic dispute at Balle's home and took

Balle into custody. At the time, Balle was diabetic and suffered from a back disability, though he was able to stand and walk without assistance. While escorting Balle to the police car, one of the officers kicked Balle twice in the middle of his back, causing him to fall to the ground. Balle experienced a sharp pain in his back. Nonetheless, the officers pulled Balle into the police car and transported him to the Corpus Christi Detention Center, where he was held for several hours without medical attention.

Balle was then transported to the Nueces County Jail. Balle alleges that, throughout his six-day detention at the jail, he was given little medical attention, even though he was experiencing excruciating pain and repeatedly requested help. On March 9, 2012, the jail's "Pass Logs"—which serve as a record of the jailers' observations from their daily rounds—indicated that Balle had "soiled himself" and was "unable to clean himself." In response, an "officer took him to 3R to shower," and his "cell was clean[ed] and clothes were replaced." On March 10, Balle allegedly sent a communication to jail officials indicating that he needed medical attention, was unable to care for himself, had lost the ability to control his bodily functions, and was experiencing severe muscle spasms. The following day, the Pass Logs stated: "Inmate Adam Balle complaining of losing use of legs and in pain. Taken to medical. Checked [and] cleared by C. Johnson, nurse."

On March 12, 2012, the Pass Logs indicated that Balle "did not go to diabetic check" because he said "he was paralyzed and could not walk." "Nurse Asher" and "PA Deborah" apparently spoke with Balle, but once again, Balle was "checked and cleared." In describing this evaluation, the Pass Logs stated, "PA [said] that he is refusing to move." Later that day, Balle was finally transported to a hospital, where he was diagnosed with various back injuries. Balle underwent surgery a few days later. Despite the surgery, however, Balle has stated that he remains unable to walk.

No. 16-40789

On March 5, 2014, Balle brought this suit under 42 U.S.C. § 1983 against the City of Corpus Christi, the two police officers who arrested him, Nueces County, ten John Does, and ten Jane Does.[1] Neither Charette nor Johnson was named as a defendant in Balle's original complaint. Through subsequent discovery, Balle was able to identify Charette and Johnson as the medical professionals purportedly responsible for his care while at the jail. Thus, in October 2014, Balle filed an amended complaint substituting Charette and Johnson for two of the Jane Does.

Nueces County, Charette, and Johnson then filed motions to dismiss under Rule 12(b)(6). The magistrate judge recommended granting Johnson's and Charette's motions to dismiss because they were added as named defendants after the statute of limitations period had run. The district court adopted this recommendation and dismissed Balle's claims against Charette and Johnson. Separately, the magistrate judge recommended denying Nueces County's motion to dismiss. The district court declined to adopt this recommendation and granted the county's motion, holding that Balle had inadequately pleaded his municipal liability claim. This appeal followed.

## II. DISCUSSION

Balle argues that the district court erred in holding that (A) his claims against Charette and Johnson were untimely and (B) he inadequately pleaded municipal liability. We review "motions to dismiss pursuant to Rule 12(b)(6) de novo, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff.'" *Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016) (quoting *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir. 2013)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

---

[1] In March 2016, the City of Corpus Christi and the police officers settled with Balle; therefore, those defendants are not parties to this appeal.

3

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Moreover, a complaint will not be dismissed merely because it contains an "imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

## A. Timeliness of the Claims Against Charette and Johnson

The parties appear to agree that the cause of action accrued on March 12, 2012. However, the length of the limitations period for a § 1983 claim "is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). As we have previously noted, "Texas has a two year statute of limitations for personal injury claims." *Id.*; *see* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Although Balle brought suit within two years of March 12, 2012, he did not name Charette and Johnson as defendants until he filed his amended complaint in October 2014. Nevertheless, Balle argues that the amendment related back to his original complaint or, in the alternative, that the limitations period should have been equitably tolled.

Federal Rule of Civil Procedure 15(c)(1) states that "[a]n amendment to a pleading relates back to the date of the original pleading" in a few specific circumstances. First, under Rule 15(c)(1)(A), an amendment relates back when "the law that provides the applicable statute of limitations allows relation back." Section 16.003(a) of the Texas Civil Practice and Remedies Code, which establishes the two-year limitations period for personal injury suits, is silent on the issue of tolling and relation back. By contrast, Section 16.0045(d) provides that the limitations period for certain sex crimes "is tolled for a suit

Case: 16-40789   Document: 00514062781   Page: 5   Date Filed: 07/07/2017
Case 2:14-cv-00066   Document 144   Filed in TXSD on 07/07/17   Page 5 of 11

No. 16-40789

on the filing of a petition . . . alleging that the identity of the defendant in the suit is unknown and designating the unknown defendant as 'John or Jane Doe.'" The state legislature could have included a similar provision in Section 16.003 if it "had intended for the two-year statute of limitations to be tolled as to unknown defendants by the filing of a 'John Doe' petition" in other types of personal injury suits. *Riston v. Doe*, 161 S.W.3d 525, 529 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). But the legislature did not do so. Accordingly, we conclude that the Texas law providing the applicable limitations period does not allow relation back within the meaning of Rule 15(c)(1)(A).

In addition, Rule 15(c)(1)(C) provides that an amendment relates back to the original complaint when, in addition to meeting certain other requirements, "the amendment changes the party or the naming of the party against whom a claim is asserted" and "the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." This rule "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir. 1995)).[2] However, when a plaintiff names "a 'John Doe' defendant, there [is] no 'mistake' in identifying the correct defendant; rather, the problem [is] not being able to identify that defendant." *Id.* at 321; *accord Whitt v. Stephens County*, 529 F.3d 278, 283 (5th Cir. 2008).

In *Jacobsen*, a plaintiff filed a timely complaint naming "Deputy John Doe" as one of several defendants. 133 F.3d at 317. After the limitations period

---

[2] In 2007, some minor organizational and stylistic amendments were made to Rule 15(c), but the substance of the rule remains the same as the version in effect when *Jacobsen* was decided. *See* Fed. R. Civ. P. 15(c) advisory committee's note to 2007 amendment.

had passed, the plaintiff learned the identities of the three deputies involved in the incident and moved to add those deputies as defendants. *Id.* We held that the amendment "was not necessitated by the 'mistake' or 'misidentification' at which Rule 15(c)[] is aimed" and thus "the Rule does not allow relation back to the filing of the original complaint."[3] *Id.* at 321–22. Likewise, in the instant case, Balle's inability to identify Charette and Johnson by name in his original complaint did not constitute a mistake under Rule 15(c)(1). Thus, we hold that Balle's amended complaint did not relate back to the date of his original complaint.

Next, "[t]he doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). "Traditional equitable principles preclude a court from invoking equitable tolling, however, when the party seeking relief has an adequate legal or statutory remedy to avoid the consequences of the statute of limitations." *Id.* at 299. In *Green v. Doe*, we held that equitable tolling was appropriate "because the delay in determining the identity of 'John Doe' [was] not attributable to" the plaintiff's actions—the plaintiff had "filed motions for discovery twice before limitations expired," but "[t]he district court denied both motions." 260 F. App'x 717, 719 (5th Cir. 2007) (per curiam). Still, our decision was careful to distinguish

---

[3] This conclusion is "consistent with the majority of the other circuits that have considered the issue." *Jacobsen*, 133 F.3d at 320–21. Notably, however, the Third Circuit has taken the approach that "the plaintiff's lack of knowledge of a particular defendant's identity can be a mistake under Rule 15(c)[]." *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 201 (3d Cir. 2001). The Third Circuit has explained that the approach taken by the majority of circuits "render[s] the § 1983 statute of limitations much shorter" for a complainant who does not know the names of the offending municipal employees. *Id.* at 190. Such a complainant "likely need[s] discovery to determine the names of his [offenders], although he cannot get discovery until he files his § 1983 complaint." *Id.* Thus, he must "file his complaint substantially before the running of the statute of limitations on his claim in order to avoid having his claim end up being barred." *Id.*

Case: 16-40789    Document: 00514062781    Page: 7    Date Filed: 07/07/2017
Case 2:14-cv-00066   Document 144   Filed in TXSD on 07/07/17   Page 7 of 11

No. 16-40789

Green's case from *Jacobsen*, noting that Green had filed his lawsuit "almost eleven months before the running of the statute." *Id.* at 719. Thus, "if he had not been denied discovery he would have had sufficient time to identify the officer and amend his complaint under rule 15(a) without need to relate back under rule 15(c)." *Id.* at 720.

In the case at bar, Balle's inability to determine the identities of the Jane Does before the limitations period had run was attributable to his own decision to file his suit so close to the end of the limitations period. Unlike the plaintiff in *Green*, Balle filed his original complaint only a few days before the limitations period had run. Accordingly, we hold that equitable tolling was unnecessary in this case. The district court did not err in concluding that Balle's claims against Charette and Johnson were barred by the statute of limitations.

## B.  Municipal Liability

"To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009). "While an unconstitutional official policy renders a municipality culpable under § 1983, even a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result." *Piotrowski*, 237 F.3d at 579 (footnote omitted) (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 407 (1997)). A jail official violates "a pretrial detainee's due process right to medical care" when the official has "subjective knowledge of a substantial risk of serious

Case: 16-40789 Document: 00514062781 Page: 8 Date Filed: 07/07/2017
Case 2:14-cv-00066 Document 144-1 Filed in TXSD on 07/07/17 Page 8 of 11

No. 16-40789

harm to a pretrial detainee but respond[s] with deliberate indifference to that risk." *Hare v. City of Corinth*, 74 F.3d 633, 636, 650 (5th Cir. 1996) (en banc).[4]

As an initial matter, the district court held that Balle had failed to state a claim for relief under Rule 12(b)(6) because his complaint did not specifically identify Nueces County's policymaker. However, "when a complaint contains sufficient '*factual* allegations,' a court should not grant a motion to dismiss 'for imperfect statement of the legal theory supporting the claim asserted.'" *Groden v. City of Dallas*, 826 F.3d 280, 284 (5th Cir. 2016) (quoting *Johnson*, 135 S. Ct. at 346). We recently held that "the specific identity of the policymaker is a legal question that need not be pled" in the complaint to survive a motion to dismiss. *Id.* at 284. Therefore, the district court erred in concluding that Balle was "required to plead the identity of the policymaker."

Next, the district court held that Balle failed to plead "facts that demonstrate a widespread unconstitutional practice or custom." Although an official policy "usually exists in the form of written policy statements, ordinances, or regulations, . . . it may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Peterson*, 588 F.3d at 847 (quoting *Piotrowski*, 237 F.3d at 579). To survive a motion to dismiss, a complaint's

---

[4] In some cases, the test for municipal liability has been articulated differently: "a plaintiff must show: (1) that the municipal employee violated his clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." *See, e.g., Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528–29 (5th Cir. 1999). "To demonstrate subjective deliberate indifference under the first prong, the plaintiff must show that the municipal employee 'knew of and disregarded an excessive risk to the [detainee's] health or safety.'" *Brumfield v. Hollins*, 551 F.3d 322, 331 (5th Cir. 2008) (alteration in original) (quoting *Gibbs v. Grimmette,* 254 F.3d 545, 549 (5th Cir. 2001)). "Under the second prong, the plaintiff must identify a policymaker and show that an official policy is the 'moving force' behind the municipal employee's allegedly unconstitutional act." *Id.* (quoting *Piotrowski*, 237 F.3d at 578). The contours of these two tests appear to be basically the same.

Case: 16-40789 Document: 00514062781 Page: 9 Date Filed: 07/07/2017
Case 2:14-cv-00066 Document 144-4 Filed in TXSD on 07/07/17 Page 9 of 11

No. 16-40789

"description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Thus, pleadings are sufficient when they make specific factual allegations that allow a court to reasonably infer that a policy or practice exists and that the alleged policy or practice was the moving force behind municipal employees' deliberate indifference to an inmate's serious medical needs. *See Colle v. Brazos County*, 981 F.2d 237, 245 (5th Cir. 1993).

In *Colle*, we held that municipal liability was adequately pleaded because the facts in the complaint supported an inference that county policies caused an inmate to be denied reasonable medical care. *Id.* at 244–46. The complaint "cited with excruciating detail the events leading up to [the inmate's] death, as well as the alleged policies responsible for the inattention to [the inmate's] steadily declining physical state." *Id.* at 245. Specifically, the complaint alleged that the county had "a policy of maintaining an on-duty jail supervisory staff that did not include anyone with authority to transfer an inmate to a medical facility" and "a policy of inadequate monitoring of pretrial detainees which amounted to a denial of medical care." *Id.* We concluded that "the facts pleaded . . . could support an inference that unconstitutional county policies were the 'moving force' behind the carelessness that led to [the inmate's] death." *Id.* at 246.

Similarly, Balle's amended complaint alleges that Nueces County failed "to properly and adequately enforce policies and procedures mandated by the Texas Commission on Jail Standards." Those state rules require jails to implement "procedures for efficient and prompt care for acute and emergency situations." 37 Tex. Admin. Code § 273.2. Yet Balle's allegations regarding the consistently slow and inefficient medical care he received suggest that Nueces County had little regard for the medical standards imposed by the state.

9

Case: 16-40789  Document: 00514062781  Page: 10  Date Filed: 07/07/2017
Case 2:14-cv-00066 Document 144 Filed in TXSD on 07/07/17 Page 10 of 11

No. 16-40789

According to the amended complaint, when Balle soiled himself and was unable to clean himself, jail personnel merely took him to the showers and gave him a change of clothes. No medical attention was provided at that time. The complaint also indicates that when Balle subsequently complained he was unable to control his bodily functions and was experiencing severe muscle spasms, he was not given medical attention until the following day. Even then, Balle was allegedly "[c]hecked" and "cleared" by medical staff, and no further action was taken. Finally, the complaint states that when Balle complained that he was paralyzed and unable to walk, medical staff "checked and cleared" him once again and simply reported that Balle was "refusing to move."

The complaint in specific terms alleges that jail personnel did not provide Balle with even minimally adequate medical care for his acute and emergency needs and made little effort to transfer him to a hospital, despite his numerous complaints that he was experiencing a medical emergency. This pattern of failures defied state law requiring that Nueces County implement procedures to efficiently and promptly treat inmates during "acute and emergency situations." Reasonable inferences can clearly be drawn that Nueces County had an unwritten policy or a widespread practice that fairly represents municipal policy of consistent noncompliance with required state medical standards and that this policy or practice of noncompliance was the moving force behind the unconstitutional injuries—the Eighth Amendment violations—inflicted upon Balle. In short, the amended complaint pleaded facts sufficient to support a municipal liability claim that is plausible on its face. Thus, we hold that the district court erred in dismissing Balle's claims against Nueces County under Rule 12(b)(6).[5]

---

[5] Finally, Balle has not adequately briefed or argued a failure-to-train claim on appeal, so any such claim is waived for purposes of this appeal. *See Willis v. Cleco Corp.*, 749 F.3d 314, 319 (5th Cir. 2014).

Case: 16-40789 Document: 00514062781 Page: 11 Date Filed: 07/07/2017
Case 2:14-cv-00066 Document 144 Filed in TXSD on 07/07/17 Page 11 of 11

No. 16-40789

## III. CONCLUSION

For the reasons discussed above, we AFFIRM the district court's dismissal of the claims against Charette and Johnson, REVERSE the dismissal of the claims against Nueces County, and REMAND the case for further proceedings consistent with this opinion.